## W. J. DAVIDSON & CO. v. FRIEDMAN.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1906.)

### No. 1,465.

BANKRUPTCY—ORDER ALLOWING EXPENSES OF MASTER—MODE OF REVIEW.

An order of a court of bankruptcy allowing expenses incurred by a bankrupt's trustee for counsel fees is not one allowing a "debt or claim" against the estate, within the meaning of Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432] and appealable thereunder, but is an administrative order over which the Circuit Court of Appeals is given jurisdiction to superintend and revise by section 24b, and such mode of review is exclusive.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Eastern District of Michigan.

On petition for rehearing.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, delivered the opinion of the court.

This is an appeal from an order allowing expenses incurred by the bankrupt's trustee for counsel fees in the realization of the assets of the estate. The appeal was dismissed at a former term upon the authority of In re Mueller, 135 Fed. 711, 68 C. C. A. 349, as a matter reviewable only under the revisory jurisdiction conferred by section 24b of Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

A petition to rehear has been filed, and it is insisted that the order appealed from is appealable under section 24a as a judgment "allowing a debt or claim of $500.00 or over," and the case of Pratt v. Bothe, 130 Fed. 670, 65 C. C. A. 48, is cited. Pratt v. Bothe involved a claim which was a debt against the bankrupt for legal services before and after adjudication. The debt was proven as such and priority asserted under section 60d of the act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]). We entertained an appeal, though no question was made, upon the ground that it was an appeal from a judgment disallowing a claim or debt in excess of $500. It was not a claim or expense or debt incurred by the trustee in course of administration. It had its foundation in a contract antecedent to bankruptcy, and was in every sense a debt presented for proof against the estate.

The matter involved in the present appeal is an expense incurred by the trustee in the course of his administration. It was not a debt against the bankrupt, and had no existence before adjudication. It was therefore one of that class of matters over which this court is given supervisory jurisdiction to "review in matters of law the proceedings of the several inferior courts of bankruptcy," within this circuit. In the case of In re Mueller, 135 Fed. 711, 715, 68 C. C. A. 349, 353, we said:

"The 'proceedings' reviewable are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under section 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]."

It is also insisted that we should treat the appeal as a petition for review. These remedies are exclusive of each other, and there is no more reason for treating an appeal as a petition for review than there would be for treating an appeal as a writ of error or vice versa. In an opinion handed down at the present session entitled Dickas v. Barnes, Trustee (C. C. A.) 140 Fed. 849, the court declined to lend its sanction to any such confusion of pleading.

Petition to rehear dismissed.