PAGE et al. v. ROGERS.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1906.)

No. 1,570.

1. APPEAL—MANDATE—CONSTRUCTION.

Where the mandate on a former appeal provided that appellants were liable for a sum sufficient to "pay all debts of every class which had or might be proved against the bankrupt, and the expenses of the trustee, his fee, and costs," provided the aggregate did not exceed the amount of the preference received by appellants' testator, appellants were properly charged with a reasonable counsel fee to the trustee's attorney.

2. BANKRUPTCY — PREFERENTIAL PAYMENTS — EXPENSES OF ADMINISTRATION— COUNSEL FEES.

The reasonable fee of counsel employed by a bankrupt's trustee to recover a voidable or fraudulent preference made by the bankrupt constitutes a part of the trustee's expenses, and, as such, a part of the costs and expenses of administration, entitled to preferential payment.

3. SAME—EXCESSIVE ALLOWANCE.

Executors were held liable to repay to a bankrupt's trustee, of an alleged preference, a sum sufficient to pay all debts of every class proved against the bankrupt, and the expenses of the trustee, his fee, and costs. A fee of $15,000 was allowed to the trustee's attorney, but the executors' total liability was more than $7,000 less than the aggregate of the debts and expenses, including the allowance to counsel. *Held*, that such allowance was not excessive, in so far as such executors were concerned.

Appeal from the District Court of the United States for the Eastern District of Tennessee.

King, Waters & Page and Brown & Spurlock, for appellants.

Williams & Lancaster and Pritchard & Sizer, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. This is a second appeal. The opinion upon the first appeal states the case. 140 Fed. 596. In pursuance of our decree modifying the decree of the court below, the district judge directed a special master to report the amount of claims proved or provable against the bankrupt, and the costs and expenses of the administration of the bankrupt estate, including fees of counsel for the bankrupt's trustee in this case. The master reported that the total amount of claims and costs and expenses, including trustee's counsel fees, was $78,086.78. The total liability of the estate of Thomas Merriam to the bankrupt's trustee he reported at $70,891.54, including interest to January 15, 1906. Upon this basis there was no surplus over and above the liabilities of the bankrupt's estate, and no room for a refusal to direct the payment of any sum less than the full liability of Thomas Merriam to the trustee.

But the appellants assign as error the allowance of $15,000 as counsel fees to the counsel employed by the trustee, first, because they say that under the mandate of this court no counsel fees were allowed. This is a mistake. We expressly held that the appellants were liable for a sum sufficient to "pay all debts of every class which have been or may be proven against the bankrupt and the expenses of the trustee, his fee, and the costs," provided the aggregate did not exceed the amount of the preference received by the testator, Thomas Merriam. The reasonable fee of counsel employed by the trustee to recover a voidable or fraudulent preference made by the bankrupt constitutes a part of the trustee's expenses, and as such a part of the costs and expenses of administration, entitled to preferential payment. Davidson v. Friedman, 140 Fed. 853, 72 C. C. A. 553. These counsel fees were, therefore, a part of the trustee's expenses, and allowable under our mandate.

It is next objected that this allowance was excessive. We are not altogether prepared to approve of the large compensation allowed counsel, in view of the strong admonition in the direction of economy found in the bankrupt law. But if we assume that, under the peculiar mandate of this court, the district judge was authorized to refer the question of the aggregate sum necessary to pay all probable claims, costs, and expenses to a special master for a report, and that we would be authorized to consider an exception to an allowance for the counsel fees for the attorneys employed by the bankrupt's trustee upon the ground that it was so grossly excessive as to be an abuse of the sound discretion of the court below, we see no sufficient reason under the facts of this case for doing so. The total liability of the appellants is more than $7,000 less than the aggregate of the debts and expenses, including this allowance to counsel. The result is that about one-half of this allowance is paid by the creditors, who are not complaining. Unless, therefore, we should hold that this allowance was excessive to the extent of more than one-half, it would not benefit appellants. That we are not willing to do.

All of the assignments are overruled, and decree affirmed.