## In re PATTERSON–MacDONALD SHIPBUILDING CO.

## COMMONWEALTH OF AUSTRALIA et al. v. MacDONALD et al.

(Circuit Court of Appeals, Ninth Circuit. April 2, 1923.)

Nos. 3961, 3978.

1. Bankruptcy ⬯446—Petition to revise raises only questions of law.
   In proceedings to revise an order allowing claims, the court is limited to review of questions of law only.

2. Bankruptcy ⬯272—District Court properly permitted by amendment verification of claim, where objection was raised for first time.
   The District Court properly permitted by amendment the verification of a claim for services rendered the estate at the instance of the trustee in bankruptcy, where the objection that it was not verified was raised for the first time in the District Court.

3. Bankruptcy ⬯272—Allowance for services and expenses not objectionable, because not itemized.
   It is no valid objection to the allowance of a claim for services rendered by claimant to the estate at the instance of the trustee that such allowance

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was made in a gross sum covering both expenses and services, instead of being itemized.

**4. Bankruptcy ⚖═➔272—Officer of bankrupt corporation entitled to compensation for special services rendered by him to trustee.**

Where an officer of a bankrupt corporation, at the instance of the trustee, rendered services to the estate in addition to and outside of any services required by him under the provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656), it was no objection to his claim for compensation that he was an officer of the bankrupt.

Appeal from and Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of the Patterson-MacDonald Shipbuilding Company, bankrupt. From a decree of the District Court, approving an allowance of the claim of A. M. MacDonald by the trustee in bankruptcy, the Commonwealth of Australia and Mark Sheldon, as Commissioner, appeal and petition for revision. Appeal dismissed, and order affirmed.

See, also, 284 Fed. 277, 281.

Corwin S. Shank, of Seattle, Wash., for petitioners and appellants.

Ira Bronson, J. S. Robinson, and H. B. Jones, all of Seattle, Wash., for respondents and appellees.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On the 19th day of March, 1920, Patterson-MacDonald Shipbuilding Company, a corporation, was adjudicated a bankrupt, and the usual order of reference followed. At a meeting of creditors held on the 14th day of February, 1921, it was decided that A. M. MacDonald, former vice president and manager of the bankrupt corporation, should proceed to Washington, D. C., accompanied by one of the attorneys for the trustee, for the purpose of prosecuting and presenting the claim of the bankrupt against the United States Shipping Board Emergency Fleet Corporation, and the sum of $1,000 on account of expenses and compensation for the trip was allowed to MacDonald and ordered paid. At another meeting, held on the 1st day of June, 1921, a further allowance in the sum of $1,000 was made to MacDonald on account of expenses incurred and services rendered to the trustee. At a meeting held on the 7th day of October, 1921, a third allowance of $1,500 on account of expenses and a like sum for services rendered to the trustee was made and paid. On the 20th day of July, 1922, MacDonald submitted a letter to the trustee in bankruptcy, setting forth the services rendered, the expenses incurred, and the amounts paid, and asked an additional allowance in the sum of $20,000. At a meeting of creditors held on the 18th day of August, 1922, an allowance of $20,000, covering both services and expenses was made, from which was deducted the $6,500 theretofore paid.

On the 9th day of September, 1922, a petition for revision was filed in the District Court by the Commonwealth of Australia. The principal errors there assigned were: First, that no sworn statement was

filed, and no itemized statement of expenses furnished, as required by the Bankruptcy Act (Comp. St. §§ 9585–9656); second, that there was no segregation of the claim for services and expenses; third, that the trustee was not authorized to pay MacDonald any sum whatever for his services by either the referee or the creditors; and, fourth, that MacDonald performed no services, except such as were required of him by the Bankruptcy Act. The petition for revision was denied, and thereupon the Commonwealth of Australia and one Sheldon, as Commissioner for the Commonwealth, appealed to this court. A petition for revision has likewise been filed. The appellee and respondent has moved to dismiss the appeal on the ground that the order is not appealable, and to dismiss the petition for revision on the ground that the petitioner is not entitled to prosecute the same. The appellant and petitioner confesses the motion to dismiss the appeal, but resists the motion to dismiss the petition for revision. Both motions should probably be granted.

"In the allowance of claims, all, trustee, bankrupt and creditors, are interested, though to allow each, if dissatisfied, to appeal would be to multiply appeals and allow fractious creditors to delay the proceedings, and the appeal must be taken in such case by the trustee, or, if he refuses, or fails to act, the bankruptcy court may, on its own motion, if doubtful of its decision, order him to appeal, or may make such order on application of a dissatisfied party, or, in its discretion, allow such party to appeal in the name of the trustee." Brandenberg on Bankruptcy, § 1637; Chatfield v. O'Dwyer (8th Cir.) 101 Fed. 797, 42 C. C. A. 30; Foreman v. Burleigh (1st Cir.) 109 Fed. 313, 48 C. C. A. 376; In re Lewensohn 2d Cir.) 121 Fed. 538, 57 C. C. A. 600.

The same considerations apply to a petition for revision. In re Lewensohn, supra. In re Creech Bros. Lumber Co., 240 Fed. 8, 153 C. C. A. 44, in this circuit, the appeal was prosecuted and the petition for revision filed by a creditor, or rather by a receiver representing a creditor, but before doing so a demand was made upon the trustee to prosecute the appeal, and the District Court made an order, upon notice, granting leave to the receiver to prosecute the appeal, petition for revision, or both.

[1-3] The rule stated in these cases seems to be supported by the weight of authority and the better reasoning; and the rule should apply with double force here, because the claim of the petitioner and appellant has been rejected by the court below, and it has not even the status of a creditor until that decision is reversed. We need not pass definitely upon the motion to dismiss, however, because an affirmance of the order will accomplish the same result. In a proceeding of this kind the court is limited to a review of questions of law only. The objection that the claim was not verified was raised for the first time in the District Court, and that court very properly allowed an amendment to cure the defect. The claim that the allowance was made in a gross sum, covering both expenses and services, is without merit. In re Smith, 203 Fed. 369, 121 C. C. A. 485.

[4] The right of an officer of a bankrupt corporation to recover compensation for services performed at the instance of the trustee in bankruptcy is the only question remaining. For the purposes of this case we must assume that the services so rendered were outside of and

in addition to any services required of the officer under the provisions of the Bankruptcy Act. Indeed, that fact clearly appears from the record before us. Such being the case, we are aware of no rule of law or public policy forbidding the employment of a bankrupt, or officer of a bankrupt corporation, to perform services for the trustee at the expense of the estate, and counsel has cited none. The claim before us has the approval of the creditors, the trustee, the referee, and the District Judge. The only dissent comes from a claimant whose claim has been rejected by the court below, subject only to the right of appeal.

The appeal is dismissed (W. J. Davidson & Co. v. Friedman, 140 Fed. 853, 72 C. C. A. 553), and the order is affirmed.