In re LAHONGRAIS,

Petition of MARCHAND.

(Circuit Court of Appeals, First Circuit.
May 27, 1925.)

No. 1661.

1. **Bankruptcy** ⚖⟹482(1)—**Administrative order subject to reconsideration until estate is closed.**

An order of a referee allowing the claim of an attorney for services to bankrupt or the estate is an administrative order, and subject, at any time before the closing of the estate, to review by the court or judge, and to such disposition as the equities of the case require.

2. **Bankruptcy** ⚖⟹477—**Creditors entitled to notice of claim for expenses of administration.**

A referee is without authority to allow a claim against an estate for an expense of administration without notice to creditors.

3. **Bankruptcy** ⚖⟹477—**Court has power to set aside fraudulent allowance.**

A court of bankruptcy is a court of equity, and as such has power to set aside an allowance made as an administration expense, when it appears that it was procured through fraud, or is so grossly excessive as to be tantamount thereto.

Petition to Revise Order of the District Court of the United States for the District of Porto Rico; Odlin, Judge.

In the matter of A. De Lahongrais, bankrupt. Petition of R. V. Perez Marchand to revise an order of the District Court. Affirmed.

Antonsanti & La Costa, of San Juan, Porto Rico, for petitioner, submitting on brief by leave of court.

Nelson Gammans, of New York City, for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition to revise an order of the federal District Court for Porto Rico, vacating an administrative order of a former referee in bankruptcy whose resignation had been accepted for gross abuses and evil administration of the Bankruptcy Law (Comp. St. § 9585 et seq.) in the Ponce division.

It appears that one Lahongrais filed a voluntary petition in bankruptcy on the 21st day of December, 1921; that adjudication was thereafter had, and the case referred to the referee in the Ponce division above referred to; that thereafter the present petitioner, Perez Marchand, attorney for the bankrupt, on the 16th day of January, 1922, filed a petition with said referee asking that he be allowed $3,000 out of the bankrupt estate for services rendered the bankrupt, but alleged to be for the benefit of the estate; that, on January 17, 1922, the referee allowed the petitioner $2,500, and ordered the trustee to pay the same, which was paid the following day; that this order was made without notice to creditors; that, on February 29, 1923, 11 creditors of the bankrupt, doing business in New York, filed a petition with the District Judge, in which they set out that they were creditors whose claims had been allowed; that the referee above referred to, in January, 1922, entered an order allowing Perez Marchand, as attorney for the bankrupt, $2,500, and ordered immediate payment; that the allowance was grossly excessive; that, in so far as the services related to matters which lawfully could be paid out of the bankrupt's estate, they did not exceed $250 in value; that the order was without notice to creditors; that the petition for allowance upon which the order was granted represented that the bankrupt's estate was worth $60,000, whereas in fact it was worth not more than $12,000; that the petitioners did not learn of said allowance until January, 1923; that they acted immediately on receiving such information, and have not been guilty of laches; that application had been made to the trustee to take action toward recovering said allowance, or the major part thereof; and that he had refused to take action. The prayer was that Perez Marchand be ordered to return to the trustee the sum of $2,250.

An answer was filed, in which the respondent objected to the jurisdiction of the court on the ground that it was an attempt to review an order and decision of a referee in bankruptcy which was rendered more than a year before said petition was sued out, and contrary to rule 88 of that court and General Order in Bankruptcy 27; and for further answer the respondent averred that the referee "proceeded on a bona fide basis of a percentage of the estate when he ordered payment to" Perez Marchand; that the referee "in good faith followed precedent of this very court in similar cases"; that Perez Marchand "filed his petition for, and obtained payment of, fees in this case when the estate was known to the referee in charge to justify the amount received"; and that the remedy sought "will result in an unjust and harsh discrimination against" the respondent.

A hearing was had before the District Judge on the petition, answer, and affidavits

in support thereof, who found that the facts set out in the petition were true.

In answer to the contention that the action of the petitioning creditors was in violation of rule 88 of the District Court and General Order in Bankruptcy 27, the court said:

"I consider that it is an honest and proper attempt on the part of these creditors to protect themselves against an illegal, unauthorized, and unjustified action taken by the former referee in bankruptcy in favor of a certain attorney representing the bankrupt, and that it is the duty of the court to correct such action."

The court also held that the respondent had no vested right in the money, as claimed in his answer; that, when he received the money, "he took it subject to the review of this court upon a proper petition"; that there had been "no laches on the part of the petitioners"; that the proofs showed that the "petitioning creditors acted with proper promptness in applying to the judge of this court for relief against the payment"; that, "assuming that the estate had been actually worth $60,000, the allowance of $2,500 in cash to the attorney for the bankrupt within a few days after the filing of the petition would have been grossly excessive"; and that "the former referee showed either undue favoritism or gross ignorance of his duties in allowing any such sum as $2,500, and ordering the same paid at once."

As to the allegation in the answer that the former referee in good faith followed precedents of the court in similar cases, the court said:

"No such precedents are cited in support of this allegation. I will say, however, that since I have become judge of this court I have found that the same former referee did commit similar acts of gross and excessive allowances in other bankruptcy cases to certain attorneys in the city of Ponce, and these cases are now before me for review under circumstances similar to those existing in the present case."

He also found that the referee in bankruptcy could have had no knowledge that the bankrupt estate amounted to $60,000 before it was disposed of, and the actual result showed that it yielded less than $12,000; that the payment of $2,500 "was utterly illegal, null, and void"; that the sum of $250 would be ample remuneration; that "any sum in excess thereof is virtually robbing the creditors of the bankrupt, and if [he] were to deny relief in the present case [he] would feel that [he] was making [himself] largely responsible for the gross abuses and evil administration of the Bankruptcy Law * * * as it was administered and handled in the Ponce division of this court previous to the time that [he] accepted the resignation of" the former referee.

[1] The contentions made by the petitioner are that the court erred in taking jurisdiction on a petition to vacate the order, rather than through the proceeding for review provided for in rule 88 of the District Court and General Order in Bankruptcy 27; that, under General Order 27, a creditor desiring a review by the judge of an order made by the referee is required to file his petition with the referee; that, under rule 88, such a petition is required to be filed with the referee in bankruptcy within 20 days of the decision complained of; that the rule and order provide the only remedy available for the purpose; and that notice to creditors was not necessary to the validity of the referee's order.

The contention as to jurisdiction is disposed of by the decision in In re De Ran, 260 F. 732, 171 C. C. A. 470, where the Court of Appeals for the Sixth Circuit said:

"We see no force in the contention that the referee's allowance of petitioner's account [the account of an attorney for the trustee] amounted to an adjudication which the District Judge had no jurisdiction to set aside. Had the claim been that of a creditor it would, under section 57k of the act (Comp. St. § 9641), be subject to reconsideration and rejection, in whole or in part, at any time before the estate was closed. But while the claim was not that of a creditor, and so not subject to the statute, it was, nevertheless, being an administrative order, subject at any time before the closing of the estate to reexamination and to such disposition as the equities of the case require"—citing In re Ives, 113 F. 911, 51 C. C. A. 541, and Davidson v. Friedman, 140 F. 853, 72 C. C. A. 553.

And in this circuit it has been held that the District Court, as a court of bankruptcy, has power to re-examine its orders during the pendency of a bankruptcy case upon timely and proper application, and that it is always open and has no terms of court. In re De Lue (C. C. A.) 295 F. 130.

[2] If any portion of the petitioner's claim was allowable against the estate of the bankrupt, it must have been on the ground that it was an expense of administration. In considering the power of a referee to allow an expense of administration without notice to creditors this court, in In re Plymouth Rubber Co. (C. C. A.) 298 F. 598, said:

"No referee has power, without notice to

creditors, thus to allow expenses against a bankrupt estate, which estate, in the ordinary case, belongs to the creditors, after paying the expenses of administration."

And, after citing section 62 and section 58a (6) of the Bankruptcy Act, the court continued:

"Here are express provisions declaratory of the fundamental and familiar principle that the beneficial owners of an estate are entitled to be heard as to the expenses of administration chargeable against that estate. Of course, in the ordinary case, trustees run no practical risk in paying, before the filing and allowance of their final account, expenses which in nature and amount are plainly indisputable. But when, as in this case, large expenses are in question, no tribunal should undertake to determine the amount of such fees without notice to the creditors and to any other parties in interest."

General Order in Bankruptcy 42, promulgated by the Supreme Court April 13, 1925, is a recognition and confirmation of the decision in In re Plymouth Rubber Co., for the rule there laid down, not only requires that an attorney seeking an allowance for services rendered shall file a petition setting forth his claim and that the petition shall be heard at a meeting of creditors, but that the referee shall notify the creditors under section 58 of the Bankruptcy Act and shall state by whom and in what amount the compensation is asked.

[3] Furthermore a court of bankruptcy is a court of equity, and has jurisdiction as such court to set aside an allowance made as an administration expense, when it appears that it was procured through fraud, or that the amount allowed was so grossly excessive as to be tantamount thereto. Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 S. Ct. 1000, 44 L. Ed. 1175.

The order of the District Court is affirmed, with costs.