Samuel A. MILLER, Appellant,

v.

Gilbert ROBINSON, Trustee, etc., Appellee.

No. 21246.

United States Court of Appeals Ninth Circuit.

May 3, 1967.

Ernest R. Utley, Utley & Houck, Los Angeles, Cal., for appellant.

Richard R. Clements, William M. Barton, Sprague & Clements, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and SMITH, District Judge.

PER CURIAM:

The order of the district court affirming the referee's orders allowing an attorney's fee of $7,500 against a bankrupt estate is affirmed.

 The appellant requested a fee of $17,500. This court recognizes that time alone is not the only factor in setting fees where the lawyer has successfully brought the bankrupt estate through a difficult storm. Here much of the claimed amount would have to be justified in the result of disallowance of claims to the extent of about $650,000. Much of that figure rests in one claim.

If the referee had allowed $17,500, we might approve it. We do not know. But he was in a far better position than we to appraise how valuable appellant Miller's services were in reducing the asserted claims; that is, to know whether the accomplishment was an easy or difficult one. Certainly there was no extensive in-court litigation. We simply do not find clearly erroneous the determinations heretofore made.

There are no separate findings of fact or conclusions of law. They must be found within the corners of the two opinions by the referee. Appellant attacks them as insufficient. Although a little equivocal, the opinion does say that "a large portion of the services of counsel for the trustee were administrative." Perhaps there was an error in saying there were no contested proceedings. But certainly there is absent any single item of protracted litigation. The referee accepts Miller's time sheet, but expresses serious doubt about 80 hours extra not shown on the time sheet. We do not think it was necessary for the referee to find that the time was 70 hours, 150 hours, or some intermediate figure. We think the referee has really said that the time was not much more than 70 hours. But if it was 150 hours, the compensation was still $50.00 per hour.

If the referee had supplemented the attorney's time sheet with his own knowledge or had been convinced by the showing before him that labor far beyond the time sheet was involved, then we might be in poor position to set an award aside. But when the referee questions what work one has done, one has greatly handicapped himself if he has no time sheet. And, in this field where one is in effect the attorney for many, some of whom are often captive "clients," one should abide by the accepted rules and produce an adequate time sheet. If one does not one should not complain about the courts if he is disappointed.