413 F.2d 996
 In the Matter of Summer Sollitt Company, a corporation, Bankrupt.
SUMNER SOLLITT COMPANY, Bankrupt-Appellee,
v.
Harry ADELMAN and Jerome S. Wald, etc., and Natalie Klein,
Administratrix, etc., Appellants.
 No. 17253.
 United States Court of Appeals Seventh Circuit.
 July 3, 1969.
 
 Jerome S. Wald, Kalman Schein, Harry Adelman, Chicago, Ill., for appellants.
 Kenneth Prince, Allen J. Fagel, Chicago, Ill., for appellee.
 Before KNOCH, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants appeal from a judment of the bankruptcy court denying their petition for review of an order of the Referee in bankruptcy denying appellants' request for interim fees. We think the district court's judgment is erroneous and that the Referee abused his discretion in the ruling.
 
 
 2
 On October 18, 1967, the Referee stated that he would allow the trustee $1,000 and the attorneys $15,000, on account of services rendered to that date, and directed the drafting of an order accordingly. No objection was filed. The order was submitted, but not signed by the Referee. At a hearing on December 20, 1967, the Referee showed concern that if the applications for interim fees were granted the cost of administration would exceed 34% Of the assets realized, and that the Northern District of Illinois had the 'unenviable reputation' of having the highest cost of any district of administration of bankruptcy proceedings for 1966. On May 15, 1968, the application for interim fees was denied. At that time, because of a pending antitrust suit by the trustee against certain plumbing manufacturers, it was thought that the estate would not be closed for at least two years.
 
 
 3
 On petition for review the district court pointed out that no briefs had been filed opposing the petition, referred to the fact that the estate had been pending before the Referee for four years and that the Referee had ample opportunity to familiarize himself with all 'facets of the case,' found no abuse of discretion and denied the petition.
 
 
 4
 At the time the applications were filed the attorneys had rendered services exceeding 2,000 hours over a period of 3 1/2 years without fees. The administration of the bankrupt's assets was substantially complete, all assets had been liquidated, costs of administration and wage claimants had been paid, and a 50% Dividend had been paid on tax claims. There was no question about any of this in the hearing which terminated in the Referee's decision to grant no 'interim allowances * * * at this time.'
 
 
 5
 We think the disallowance of $1,000 interim fees to the trustee for the reasons given by the Referee is an abuse of discretion. The same is true, in our view of the disallowance of any fees to his attorneys. The largest single creditor and the bankrupt, through their attorneys and the Referee, all agreed that for 3 1/2 years extensive and valuable services were excellently performed by commendable lawyers.
 
 
 6
 We do not say that the district court should not have shown concern to guard against the clouding of the administration of bankrupt estates in the Northern District of Illinois. We agree however with the Ninth Circuit decision in Jacobowitz v. Double Seven Corp., 378 F.2d 405 (9th Cir. 1967), that the 'economical spirit of the Bankruptcy Act' should be weighed in determining reasonableness of bankruptcy fees, but that it is only one consideration. We agree too with the Ninth Circuit that although standards similar to those in setting fees for private employment are employed to determine reasonable fees in bankruptcy cases, the economical spirit 'would seem to require' fixing such fees at the lower end of the reasonableness spectrum. There is no question raised in this record about the reasonableness of the hourly rate represented by the fees sought in the case before us.
 
 
 7
 Concededly, interim fees may be allowed, and it seems unreasonable to us to deny any interim fees to the trustee and attorneys who have served so well for so long a period with no fee allowances. The Bankruptcy Act, 11 U.S.C. 104, includes trustee and attorneys fees as costs of administration, In re Stotts, 93 F. 438, 439 (S.D.Iowa 1899), and these fees are entitled to preferential payment, Page v. Rogers, 149 F. 194 (6th Cir. 1906). The record here shows there is sufficient cash in the estate, after cost of administration and other items referred to above, from which to pay interim fees.
 
 
 8
 The district court judgment is reversed and the cause is remanded to the Referee for a hearing to determine a reasonable amount to be allowed under the appellants' application for interim fees.