In the Matter of BEMPORAD CARPET MILLS, INC., Bankrupt.

Clinton J. MORGAN, Appellant,

v.

WALTER E. HELLER & CO., Appellee.

No. 29291.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1970.

Clinton J. Morgan, pro se.

Charles Gowen, William H. Izlar, Jr., R. William Ide, III, King & Spalding, Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and INGRAHAM, Circuit Judges.

1. Shaw v. Walter E. Heller & Company, 5 Cir. 1967, 385 F.2d 353; cert. denied, 390 U.S. 1003, 88 S.Ct. 1248, 20 L.Ed. 2d 104 (1968).

PER CURIAM:

Morgan, an attorney, ably represented the trustee in bankruptcy for a bankrupt corporation.[1] He now contends that the District Court failed to provide adequate compensation, in the form of contingency fees, for successful litigation on behalf of the bankrupt. We affirm.

The essential facts are not in dispute. On behalf of the bankrupt, Morgan spent approximately 1033 hours on protracted litigation. His efforts significantly increased the value of the estate, and consequently the amount available to creditors. Morgan also spent 120 hours of non-litigation time working for the bankrupt, the compensation for which is not contested in this appeal. The District Court awarded $58,990.00 attorneys fees, including a $25,000 contingency award.[2] The court noted that the total fee slightly exceeds ten percent of a total estate of one-half million dollars. It likewise provides more than $50.00 per hour, if computed on an hourly basis. Morgan, however, argues that the award should have approximated twenty-five percent of the bankrupt estate, or $129,283.46 (including the uncontested $25,00 per hour for 120 hours of non-litigation time).

Unquestionably Morgan's services were of a high order. Nevertheless, we may not interfere with the District Court's discretion in awarding fees, absent a showing that it has been abused. Massachusetts Mutual Life Insurance Co. v. Brock, 5 Cir. 1968, 405 F.2d 429, 432, cert. denied, 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220. As we have said, [t]he public interest which is inherent in bankruptcy matters must be considered in awarding fees. The object is to draw a balance to the end that com-

2. The District Court computed compensation as follows:

| | | |
|---|---|---|
| Non-litigation time | | |
| 120 hours x $25.00 | = | $ 3,000.00 |
| Litigation time | | |
| 1033 hours x $30.00 | = | 30,990.00 |
| Contingency award | | 25,000.00 |
| Total allowed | | $58,990.00 |

petent trustees and counsel are obtainable in matters of this kind because of the knowledge that they will be fairly compensated. They must not and cannot expect, however, to be overcompensated, for the court must exercise its discretion for the double purpose of fairly treating the trustee and his counsel while at the same time doing equity to the debtor and creditors. *Id.* at 432–433. Several factors inhere in the District Court's award: time spent, the intricacy of the problems involved, the size of the estate, the opposition met, the results achieved. All should be considered in light of the economical spirit of the Bankruptcy Act. Jacobowitz v. Double Seven Corp., 9 Cir. 1967, 378 F.2d 405, 408; *see* Sumner Sollitt Co. v. Adelman, 7 Cir. 1969, 413 F.2d 996, 997. Of course, there can be no precise, rigid measure of reasonableness; the weight accorded each factor must depend on the circumstances of the particular case. *See* Massachusetts Mutual Life Insurance Co. v. Brock, *supra*; Jacobowitz v. Double Seven Corp., *supra*.

Manifestly the District Court in the instant case utilized both contingency and hourly fees in fixing its award. We are not called upon to approve or disapprove this formula. Our task is to determine the abuse of discretion *vel non* of the amount of compensation awarded. We find no such abuse here.

Affirmed.