480 F.2d 747
 In the Matter of COLONIAL SERVICES COMPANY, a corporation, Bankrupt.
Gordon L. WEBER, Appellant,
v.
J. J. MICKELSON, Trustee in Bankruptcy of Colonial Services
Company, Appellee.
 No. 72-1734.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1973.
Decided June 20, 1973.
 
 James L. Wahlfors, Minneapolis, Minn., for appellant.
 Hyman Edelman, Minneapolis, Minn., on brief for appellee.
 Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.
 MATTHES, Chief Judge.
 
 
 1
 This is the appeal of a creditor, Gordon L. Weber, who was a vice-president of the bankrupt, Colonial Services Co., from a judgment of the District Court sustaining an order of the referee in bankruptcy that the creditor surrender to the trustee a preferential payment in the amount of $10,497.86, and that the creditor's claim against the bankrupt for $4,733.33 be unrecoverable pursuant to 11 U.S.C. Sec. 93(g) until the preference is repaid.
 
 
 2
 The facts of the case are simple. The bankrupt was organized on February 23, 1970, when its predecessor absorbed the assets of five companies; but soon thereafter its financial difficulties became so apparent that trading in its stock was suspended by the State of Minnesota. Then, on December 31, 1970, the bankrupt disposed of its restaurants, its principal sources of cash flow, leaving as its only assets possible royalties from the food franchises it had sold, two heavily encumbered tracts of land, and some stock in another corporation. Arrayed against these were large liabilities.
 
 
 3
 In June of 1971, the bankrupt procured a loan of $750,000 secured by a first mortgage on one of its tracts of land and a third mortgage on the other. Out of the proceeds of this loan, the creditor Weber was paid, on June 18, 1971, back wages and unpaid employee business expenses of $10,497.86. Fifty-three days later, August 9, 1971, the bankrupt filed a Chapter XI rearrangement proceeding. When its plan failed to secure the approval of the requisite number of creditors, Colonial was, on January 11, 1972, adjudged bankrupt.
 
 
 4
 This particular facet of the proceeding was commenced on December 6, 1971, when the creditor, Weber, filed a claim, as subsequently amended, for $4,733.33, as compensation for services rendered to the bankrupt during and in connection with the arrangement proceeding. The trustee objected to the claim, and counterclaimed for the previously paid $10,497.86, claiming it was a voidable preference. The referee held the prior payment to Weber was a "preferential payment . . . recoverable by the trustee pursuant to Sec. 60a and b of the Bankruptcy Act," 11 U.S.C. Sec. 96(a), (b), and held that, pursuant to 11 U.S.C. Sec. 93(g), Weber's claim for $4,733.33 could not be allowed until the preference was surrendered. The District Court, Judge Larson, affirmed the referee in all respects and this appeal followed.
 
 
 5
 According to 11 U.S.C. Sec. 96(a)(1), a preference is a transfer of any of an insolvent debtor's property to or for a creditor on account of an antecedent debt within four months preceding the commencement of bankruptcy proceedings, the effect of which is to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. According to 11 U.S.C. Sec. 96(b), any such preference may be avoided or recovered by the trustee if, at the time of the transfer, the creditor had "reasonable cause to believe" the debtor was insolvent.
 
 
 6
 Weber accepts this formulation of the trustee's right to recover, but contends it is unsatisfied in this case in three respects. He asserts: (1) that the debtor was not insolvent on June 18, 1971, the date of the payment; (2) that the creditor, Weber, did not then have reasonable cause to believe Colonial was insolvent; and (3) that the trustee has not proven that Weber, in receiving the contested payment, received a greater percentage of his debt than some other creditor of the same class.
 
 
 7
 These contentions, of course, contest only the findings of the referee, the trier of fact; but the findings of a referee cannot be disturbed on appeal unless clearly erroneous. Solari Furs v. United States, 436 F.2d 683, 684 (8th Cir. 1971); Burroughs Corp. v. Barry, 380 F.2d 427, 429 (8th Cir. 1967); Solomon v. Northwestern State Bk., 327 F.2d 720, 724 (8th Cir. 1964), and the cases cited in those cases. Having carefully examined the record, and being persuaded that none of the three contested findings is clearly erroneous, we therefore affirm that portion of the judgment against Weber and in favor of the trustee in the amount of $10,497.86.
 
 
 8
 Weber next contends that his claim for services rendered during the bankruptcy should not be held in abeyance pending surrender of the preference, but should be allowed as a set off against the amount recoverable as a preference. This argument claims as error the following statement in the referee's memorandum opinion:
 
 
 9
 "Weber must surrender his preference. His claim cannot be allowed unless he does. Sec. 57g (11 U.S.C. 93g).
 
 
 10
 If Weber timely pays his preference over to the trustee as ordered by the Referee, his claim may be allowed for participation with unsecured creditors pursuant to Sec. 57n (11 U.S.C. 93n). If not his claim must be disallowed."
 
 
 11
 Weber contends his claim for services rendered in connection with the bankruptcy proceedings is a priority claim for an expense of administration rather than an unsecured claim for wages, and therefore that it can be allowed immediately and treated as an offset to repayment of the preference, rather than being held in abeyance until the preference is surrendered. We disagree.
 
 Title 11 U.S.C. Sec. 93(g) provides:
 
 12
 "The claims of creditors who have received or acquired preferences . . . void or avoidable under this title, shall not be allowed unless such creditors shall surrender such preferences. . . ."
 
 
 13
 We think the plain, unequivocal language of the statute mandates surrender of a voided preference before a claim can be allowed, Shaw v. Walter E. Heller & Co., 385 F.2d 353, 357-358 (5th Cir. 1967), cert. denied, 390 U.S. 1003, 88 S.Ct. 1248, 20 L.Ed.2d 104 (1968), even if the claim is a priority claim, Irving Trust Co. v. Frimitt, 1 F.Supp. 16, 17 (S.D.N.Y.1932), and therefore precludes allowing Weber's claim as a set off against repayment of the preference. See Katchen v. Landy, 382 U.S. 323, 330, 330 n. 5, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); Katchen v. Landy, 336 F.2d 535, 541 (10th Cir. 1964) (en banc) (separate opinion), aff'd, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391; Rotan Groc. Co. v. West, 246 F. 685 (5th Cir. 1917). We therefore also affirm the portion of the judgment withholding allowance of Weber's claim until the preference is surrendered. This view, of course, pretermits consideration of whether Weber's claim is an expense of administration. Upon surrender of the preference, Weber can make that argument to the referee.
 
 
 14
 Affirmed.