**In the Matter of Don CARTER, Bankrupt-Appellee,**

v.

**Larry M. WOODS, Appellant.**

No. 75B–291–C (77–4047–CV–C).

United States District Court, W. D. Missouri, C. D.

June 27, 1977.

Larry M. Woods, pro se.

James W. Gallaher, Jefferson City, Mo., for appellee.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

The present case comes to this Court as an appeal by the attorney for the trustee in bankruptcy from an order of the Bankruptcy Court allowing the appellant $12,500.00 as attorney's fees, plus expenses of $161.90.

The facts are these: The bankrupt, appellee herein, filed his voluntary petition in bankruptcy on November 7, 1975. On January 15, 1976, the trustee applied to the Bankruptcy Court for leave to retain Appellant as his attorney for the purpose of causing to be set aside a conveyance of real estate which the trustee suspected of being a fraudulent conveyance under § 67(d) of the Bankruptcy Act, 11 U.S.C. § 107(d). Paragraph Four of the Trustee's Application for Leave to Retain Attorney states:

> That the terms of the attorney's employment will be on a time basis of $50.00 per hour involving a settlement of the matter without a suit being filed, 25% contingent fee if it becomes necessary to institute an adversary proceeding in any court, and 33⅓% contingent fee in the event such case is tried before either a court or jury, including any appeals from the judgments of such courts. In the event the fee is determined to be on a contingent basis, then the previous hourly charges prior to institution of suit shall not be due to the attorney.

By order dated January 26, 1976, the Trustee's Application was granted, ordering that Appellant "be employed and retained by Jack E. Brown, Trustee, for the purpose of prosecuting the claim and proceeding aforesaid, upon the terms and conditions as set out in the Trustee's Application."

On March 12, 1976, in his capacity as attorney for the trustee, Appellant instituted suit against the bankrupt and certain others alleged to have been involved in the conveyance sought to be set aside. Before trial of the matter could be had, however, all parties to the suit, on May 20, 1976, filed a stipulation wherein it was agreed that the real estate transfer in question "was fraudulent as to creditors within the meaning of 11 U.S.C. § 107(d)(2)(a)(b)(c)(d) . . ." The parties further stipulated that "the court may enter its order declaring that the conveyance of said real estate . . . was a fraudulent transfer and is utterly void and of no legal force or effect . ." By Order of the same date, the Court set aside the conveyance and gave the trustee judgment against defendants as requested in the Complaint.

The real estate was then sold by the Trustee for $140,000.00, and, on September 2, 1976, this sale was confirmed by the Court. After the sole encumbrance on the land was paid off, the net recovery for the estate was $109,924.40. On October 22, 1976, the trustee, in his Application for Order to Pay Attorney's Fees, requested the Court to order payment to Appellant of $27,481.10 (25% of the net recovery) as attorney's fees, plus $161.90 as reimbursement for expenses. Both parties to the instant appeal having orally presented their positions to the Bankruptcy Court on December 3, 1976, the Court, on December 21, 1976, entered its Order Allowing Fees, wherein Appellant was awarded $12,500.00 attorney's fees plus $161.90 for expenses. Thereupon, appeal to this Court was timely made.

The parties have briefed their respective positions as to whether contingency fee arrangements may be utilized in the Bankruptcy area. Appellee persuasively argues that contingency fee agreements are inimical to the Bankruptcy process, citing *Watkins v. Sedberry*, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802 (1923). As does this case, *Watkins* involved a contingent fee agreement between the trustee in bankruptcy and his attorney. The Court, in discussing

the validity of the contingent fee contract, stated at 574–75, 43 S.Ct. at 412, 67 L.Ed. 806–07:

> The validity of the contract between the trustee and attorney is first to be considered. . . . The amount of attorney's fees to be charged against the estate as an expense of administration is subject to the examination and approval of the court. § 62a, Bankruptcy Act. In re Stotts, 93 F. 438, 439; Davidson & Co. v. Friedman, 140 F. 853, 72 C.C.A. 553; Page v. Rogers, 149 F. 194, 195, 79 C.C.A. 153. The trustee was not authorized so to dispose of property of the estate. The amount claimed under the contract is grossly excessive. The contract is invalid. [Emphasis added]

While Appellant argues that the ratio decidendi for the result in Watkins was the fact that the contingency fee contract involved therein was champertous, the Court notes that the holding of invalidity preceded any discussion whatsoever by the Watkins Court of the champertous nature of the agreement. That portion of the Watkins opinion which dealt with champerty centered on the issue of whether a finding that the contract was champertous would preclude the attorney's claim for compensation on a quantum meruit basis, thus lending support to Appellee's position that Watkins held contingent fee contracts in the Bankruptcy area to be per se invalid. Appellee's position is further strengthened by the Ninth Circuit's reference to Watkins in Official Creditors' Committee of Fox Markets, Inc. v. Ely, 337 F.2d 461 (1964), where, at 468, the Court observed:

> [A] contract of employment between a Trustee in Bankruptcy and an attorney, for fees based on a contingent basis is invalid. Watkins, Trustee, et al. v. Sedberry et al., 261 U.S. 571, 575, 43 S.Ct. 411, 67 L.Ed. 802.

█ As persuasive as this Court might find Appellee's argument that contingent fee contracts by and between the Trustee in Bankruptcy and his attorney are invalid per se, we find it unnecessary to reach the issue. Instead, this Court holds only that

the Bankruptcy Court, in the exercise of its discretion under Rule 219, Rules of Bankruptcy, has the power, indeed the duty, to assure that no fee other than a reasonable fee be paid to attorneys who represent trustees, and other parties, in Bankruptcy proceedings. Rule 219(c)(1) states:

> The compensation allowable by the court to a trustee, receiver, marshall, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances the court shall give due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors. [emphasis added]

Whether the contingent fee contract entered into by and between Appellant and the Trustee was a reasonable contract is simply not the relevant inquiry; rather, the relevant inquiry is, and must necessarily be, whether the compensation which that contract ultimately produces is reasonable compensation within the meaning of Rule 219. While the contract may very well be evidence of what a reasonable fee would be, it certainly cannot be determinative. The Advisory Committee, in its Notes to Rule 219, points out the duties and responsibilities of the Bankruptcy Court with regard to the granting of compensation to officers, attorneys, and accountants. It states:

> The premise for including in these rules provisions governing the allowance of compensation to officers, attorneys, and accountants is that it is peculiarly a judicial responsibility to supervise the administration of estates and in particular to assure that allowances for compensation to those rendering services in connection therewith are fair but not excessive. 3A Collier ¶ 62.05[3] (1961). The costs of bankruptcy administration have been a matter of continuing concern in the history of American bankruptcy law. Id. ¶ 62.-02. This concern has led to an increasing recognition of the necessity for close judicial control of these costs.

These concerns, together with the general policy in the Bankruptcy area against any "transfer of judicial power over expenditure and allowances from the court to persons who, at best, have a distinctly lesser degree of public responsibilities," 3A Collier ¶ 62.37, p. 1637 (1961), make clear that the law does not permit a Bankruptcy Court to contract away its obligation, under the law, to grant only reasonable compensation to attorneys for their services rendered in the administration of a bankrupt estate.

■ It being thus determined that the Bankruptcy Court is not bound by any contingency fee contract that it may have countenanced at some prior point in time, the issue of the reasonableness of the compensation in fact allowed by the Bankruptcy Court for Appellant's services is still to be resolved.

The Bankruptcy Court, by its order of December 21, 1976, and after hearing the statements of counsel and giving due consideration to the applications, found that a fee of $12,500.00 to Appellant would constitute reasonable compensation for his services. In determining whether this amount constitutes reasonable compensation for the services performed by Appellant, this Court notes that its review is limited by the well-established principle that the findings of the Bankruptcy Court are to be accepted unless found to be clearly erroneous. Rule 810, Rules of Bankruptcy; *In re Colonial Services Co.*, 480 F.2d 747 (8th Cir. 1973). To defer to the judgment of the Bankruptcy Court is particularly appropriate as to the matter of fee allowances. *In re Midwest Engineering and Equipment Co.*, 440 F.2d 326, 328 (7th Cir. 1971). The reason for this strict adherence to the clearly erroneous standard in the matter of fee allowances is founded upon the far superior position of the Bankruptcy Court to appraise the value of the attorney's services for the estate. *Miller v. Robinson*, 378 F.2d 2, 3 (9th Cir. 1967).

■ Appellant does not contend on this appeal that the fee awarded him by the Bankruptcy Court constituted unreasonable compensation by itself; rather, most liberally construing the points made in Appellant's Brief, his position is that the fee awarded him by the Bankruptcy Court *is made unreasonable* when considered together with what Appellant would have received had the terms of his contingency fee agreement with the Trustee been strictly enforced. It having been previously determined that the Bankruptcy Court is not bound by the terms of said contingency fee agreement, and Appellant having made no showing whatsoever that the award of $12,-500.00 to him by the Bankruptcy Court was anything other than reasonable compensation for services performed by Appellant, it is impossible, on the record before the Court, to hold that the Bankruptcy Court's allowance to Appellant of $12,500.00 was "clearly erroneous." There has been no showing that the Bankruptcy Court, in making this allowance to Appellant, failed to give due weight to the fact that Appellant had embarked on his duties as attorney for the Trustee with the expectation of receiving some sum different than the amount ultimately awarded; indeed, there is no indication that the Bankruptcy Court did other than consider all relevant factors in assessing an amount as reasonable compensation for Appellant's services.

■ Appellant's contention that Appellee-Bankrupt has no standing to object to the contingency fee arrangement between Appellant and Trustee is wholly without merit. Appellant cites *Watkins v. Sedberry, supra,* in support of its argument that the bankrupt, because he should have voluntarily turned over the realty in question to the Trustee, has no standing to object to the fee received by the attorney for the Trustee whose services caused the turnover to occur. While *Watkins* holds that such a culpable bankrupt has no standing to object to a reasonable fee being allowed the Trustee's attorney, it specifically states that such a bankrupt does have standing to oppose payment of any amount provided for in the contingency fee contract entered into by and between the Trustee and his attorney. Clearly, Appellee's standing to object to the contingency fee contract at issue

herein is in no way impaired by the *Watkins* decision.

For the reasons set forth hereinabove,

IT IS ORDERED that the decision of the Bankruptcy Court awarding Appellant $12,-500.00 as reasonable compensation for his services as attorney for the Trustee and $161.90 as reimbursement for expenses be, and hereby is, affirmed.