## MAFFIT *v.* The COMMONWEALTH.

A husband of an administratrix is not liable for a devastavit by her committed, before the marriage; unless a judgment be obtained against him before the dissolution of the marriage: and a judgment for the penalty of the administration bond under the acts of 1713 and 1836, is not such a final judgment as will fix him with the devastavit.

IN error from the Common Pleas of Juniata.

*June 1.* This was a *sci. fa.* under the act of 1836, (Bonds,) to ascertain the damages due on a judgment for the penalty of an administration bond, given by the wife *dum sola,* which judgment had been entered against the plaintiff in error (who survived his wife) on a *sci. fa.* in 1842, to revive the original judgment against himself and wife in 1832, in an action brought against the wife *dum sola,* in 1827.

To this, defendant pleaded *actio non,* &c., because that Elizabeth, who with others, were administrators, &c., was dismissed by the Orphan's Court in 1824, and that said Elizabeth intermarried with defendant in 1828, and died in 1841. The plaintiff replied the same facts, averring the liability of defendant, &c., and the judgment in 1832. The defendant rejoined, that that judgment was cautionary and not final.

On the trial of the issue, the plaintiff gave in evidence an auditor's report, confirmed by the Orphan's Court in 1840, by which it appeared there was due from Elizabeth and her co-administrators, $1335 91. On this decree there was a petition by the administrator *de bonis non* of the original intestate, praying an order by the Orphan's Court on defendant, and the other former administrators to pay over the balance. Defendant in his answer averred that he had been no party to that proceeding, whereupon the order issued in 1844 against the other administrators.

The court (Hepburn, P. J.) being of opinion, that the judgment on the administration bond was final, so as to charge the husband with a devastavit committed by the wife before marriage, and that the present administrator could maintain the action, gave judgment for the plaintiff.

*Parker* and *Reed*, for plaintiff in error.—The bond was taken under the act of 27th of March, 1713; (1 Smith's Laws, 85.) The suit was in the name of the Commonwealth, and the judgment was for the penalty. The question is, was this a final, or mere cautionary judgment? If it be the latter, the plaintiff below could not recover. The test of a final judgment is, whether execution can issue upon it. Here the statute declares, that execution shall not issue for the penalty of the bond or the judgment for the penalty, but for the sum found due on the *scire facias*. This court have decided that the judgment finds nothing but a forfeiture of the penalty in favour of Commonwealth, as a mere nominal trustee without interest; 9 Serg. & Rawle, 67; 8 Serg. & Rawle, 132. The English books are full of authorities, that the death of the wife, under the circumstances in this case, relieves the husband from all liability; Cro. Ch. 519; Com. Dig. *Bar. and Fem.* 2 B.; Roper on Husband and Wife, 203, (32 Law Lib. 128, 129.) The case of Arrison *v.* Commonwealth, 1 Watts, 374, relied upon by the court below in their charge, is in no way opposed to the views here taken. That was not a suit upon an administration bond, but one upon a bond given by executors under a special decree of the court. In that case also, the verdict and judgment were not only for the penalty, but for the specific amount of damages assessed by the jury in favour of the party injured, upon the payment of which the execution would be released. It was therefore in every respect final. The specific sum claimed by the plaintiff was found. Judgment was entered for that sum, and was ripe for execution. No analogy exists between that and the present case. No decree or sentence of the court was ever made on John Maffit, the plaintiff in error, to pay any part of this money to any one. We further contend, that Thomas Todd, as administrator *de bonis non*, could not sustain the action. Before the act of 24th of February, 1834, it seems to be settled that he could not, 3 Rawle, 361; and the case is not embraced under the act of 1834. By the seventieth section, it is not to take effect until October, 1834, and all such acts of Assembly as were altered or supplied by it, were repealed, except so far as may be necessary to finish proceedings commenced, or to settle the estates of persons

who had died before that time.   In this case, letters of administration issued in 1821, the action on the bond was brought in 1828, and judgment was had in 1832.   The decree in Orphan's Court was in 1844.   This *scire facias* to finish the proceedings commenced in 1845; 9 Watts & Serg. 13, 16, is in point.   The writ is judicial, not original; 2 Troub. & Haly, 273; Co. Lit. 290 b; 6 Serg. & Rawle, 574.   This case is to be viewed and decided as if the act of 1834 had never been passed.   If the administrator *de bonis non* is not legally entitled to the money, the bail in his administration bond would not be liable for its appropriation.

*Fisher*, contrà.—Where an administratrix, who has wasted the estate, marries, and dies after judgment against husband and wife, the husband is fixed for the debt; Arrison *v.* Commonwealth, 1 Watts, 374.   The administrator *de bonis non*, under the thirty-first section of the act of 1834, can sustain this suit; and he can also recover where a devastavit has been committed.   Commonwealth *v.* Strohecker, 9 Watts, 479; Drenkle *v.* Sharman, 9 Watts, 485, decide, that the administrator *de bonis non* alone can sue.

*June* 14.   BURNSIDE, J.—This was a *scire facias* No. 112, to May Term, 1845, to ascertain the damages due on judgment No. 41 to December Term, 1842.   It is impossible to comprehend the case without great labour from the paper-book.   It is a mass of confusion.   I will endeavour to trace the proceedings of the parties as well in the Common Pleas as in the Orphan's Court, with a view of presenting the legal question intelligibly.

Thomas Beale died in 1821.   Shortly after his decease, on the 27th of April, letters of administration were granted on his estate by the register of Mifflin county, to Elizabeth Beale, his widow, William Gillson and Joshua Beale.   The administrators gave the usual bond to the Commonwealth in the penal sum of $8000.   In October following, they filed an inventory, amounting to $527 68.   On the 2d of June, 1825, the administrators filed their administration account, showing a balance in their hands of $702 90.   This account never was confirmed by the Orphan's Court.   The bond given by the administrators was generally sued.   The action of debt against Elizabeth Beale on the bond, was No. 202 to August Term, 1825, which was removed into the Circuit Court of Mifflin county, and afterwards transferred to Juniata county, after that county was created by the legislature.

Pending the action on the administration bond in the court of

Juniata county, on motion of Mr. Fisher, (the defendant having intermarried with John Maffit, now plaintiff in error, since the institution of this suit,) John Maffit, and Elizabeth his wife, were substituted defendants.    The 8th of May, 1832, verdict for the Commonwealth in the Circuit Court.

The Circuit Court causes having all been remanded to the Common Pleas, on the 10th of February, 1837, a rule was obtained to show cause why a judgment should not be entered on the verdict. May 5, 1837, rule made absolute.  December 8, 1846, on motion of Mr. Fisher, the Common Pleas amended the record *nunc pro tunc*, by adding, for the penalty of the bond $8000.

I will now trace the proceedings in the Orphan's Court.

At April Term, 1824, Elizabeth Beale, William Gillson and Joshua Beale were dismissed by the Orphan's Court of Mifflin county, from the administration on the estate of Thomas Beale, deceased.    In November, 1828, Elizabeth Beale intermarried with John Maffit.   She died on the 7th November, 1841.

On the 27th April, 1824, letters of administration *de bonis non* on the estate of Thomas Beale, were issued to Thomas Todd, the defendant in error.

The joint account of Elizabeth Beale and her co-administrators, filed on the 2d of June, 1825, was referred to auditors, who, on the 28th of May, 1839, made a report.   The court, on the 13th May, 1840, referred the report back to the auditors, with instructions to find specifically the amount paid by the administrators on bonds and specialties, and the amount paid on simple contract debts, and find how much was due from the administrators in each way of finding, leaving the question of law as to a devastavit and misapplication of the money to the court.

On the 7th August, 1840, the auditors made report, finding the sum paid on bonds to be, with interest to the 5th February, 1840, $1828 22, leaving a balance in the hands of the administrators of $2209 63; the amount paid on simple contract debts to be $924 75, leaving a balance in the hands of the administrators of $1353 91, which, on the 8th of August, 1840, was read and confirmed *nisi*, and exceptions filed.   On the 4th of November, 1840, the report was confirmed and judgment entered.

We find no further proceedings in the Orphan's Court until the 6th of January, 1844, (after the death of widow Beale,) when Thomas Todd, the administrator *de bonis non*, presented a petition setting forth the history of the former administration, and that judgments against the estate remained unpaid, and praying the

court to issue an attachment, or other proper process, to compel the said Joshua Beale, John Maffit and William Gillson, or either of them, to pay to him, as administrator *de bonis non,* or to such other person as the court may seem meet, all and every the moneys, goods and chattels, with interest, &c.

On the 6th January, 1844, the court granted a rule to show cause why an attachment or other process should not issue, returnable the last Monday of March next. John Maffit, in answer to the rule, returned on oath " that he never joined in stating or exhibiting an account on said estate; that he never was made a party to any proceedings in the Orphan's Court in relation to an account alleged to have been filed by Joshua Beale and others, the former administrators of Thomas Beale, deceased; nor was he cited, summoned or otherwise notified of any such proceedings, either before the Orphan's Court or auditors appointed by said court, in relation to any administration account upon said estate; that he never received directly or indirectly any part of the assets of said Thomas Beale, deceased, no goods, chattels or effects having at any time come to his hands, possession, or knowledge, nor to the hands or possession of the said Elizabeth, from the time of his intermarriage with her until her death, &c."

The Orphan's Court, on the 6th of April, 1844, ordered and decreed " that Joshua Beale and William Gillson, the former administrators of Thomas Beale, deceased, pay over to Thomas Todd, administrator *de bonis non,* &c., of said Thomas Beale, deceased, the sum of \$1335 91, with interest from the 7th of August, 1840, and award against the said Joshua Beale and William Gillson a writ of execution in the nature of a writ of *fieri facias,* directed to the sheriff of Juniata county, commanding him to levy the said sum of \$1335 91, and interest from the 7th of August, 1840, of the goods and chattels, lands and tenements of John Beale and William Gillson, and pay the same over to Thomas Todd, administrator *de bonis non* of Thomas Beale, deceased, &c."

This ended the proceedings of the Orphan's Court. The court made no order against John Maffit. I incline to the opinion this was right, for Elizabeth Beale was discharged from the administration on the estate of Thomas Beale long before her intermarriage with John Maffit, and died before this proceeding in the Orphan's Court. Lord Chancellor Nottingham (Sir Heneage Finch) held: if feme administratrix wastes the assets, then marries and dies, the husband is liable to no more than the value of what came to his or her hands after the intermarriage; Sanderson *v.* Crouch, 2 Vernon,

118. As no part of the estate of Thomas Beale came or could come to the hands of either John Maffit or wife during coverture, on the death of the wife the law discharged him from her devastavit before marriage, a decree not having been obtained against him. It is settled, where the husband has not, by his own acts, made himself responsible, he is only liable for his wife's devastavit while the marriage subsists between them; so that when it determines before a judgment or decree is obtained against them for the demand, his or his wife's death discharges his liability; Roper on Husband and Wife, 203, (32 Law Lib. 129.)

I will now return to the Common Pleas, No. 41, of December Term, 1842. After the death of Elizabeth, the wife of John Maffit, a *scire facias* was issued, entitled "The Commonwealth of Pennsylvania *v.* John Maffit, who married his wife Elizabeth, late Elizabeth Beale, with notice to terre-tenants," "to revive judgment and continue the lien of No. 3, September Term, 1827, in the Circuit Court of Juniata county." Plea "*nul tiel record,* and payment." "And now, February 6, 1844, a jury being called, &c., do find for the terre-tenant; and it is agreed that the facts as stated on the notes of the court be considered in the nature of a special verdict duly found by the jury in regard to the issue between the plaintiff and John Maffit. Judgment to be entered by the court, with leave for either party to sue out a writ of error, &c." "And now, May 8, 1844, judgment on special verdict for the sum of $8000 of debt."

December 8, 1846, record amended on motion of Mr. Fisher, by adding the judgment, being in favour of the plaintiff for the penalty of the bond *nunc pro tunc.*

The plaintiff then sued out the *scire facias* in question—"The Commonwealth of Pennsylvania, for the use of Thomas Todd, administrator of Thomas Beale, deceased, *v.* John Maffit. No. 112, May Term, 1845. *Sci. fa.* to ascertain the damages due on judgment No. 41, December Term, 1842. To this *sci. fa.* the defendant, in addition to the plea of payment, pleaded "That he never was co-administrator of the estate of Thomas Beale, nor responsible in any way for the administration of the affairs of said estate; that Elizabeth Beale, who was administratrix with Joshua Beale and William Gillson, was dismissed and fully discharged by the Orphan's Court of Mifflin county, in April, 1824, from the office of administratrix of said estate; and that defendant was not joined in marriage with the said Elizabeth until the —— day of November, 1828, and the said Elizabeth died the 7th day of November, 1841; so that no effects of the said estate of Thomas Beale did or could come to the

hands of the said John Maffit or Elizabeth his wife, during or since their said intermarriage, &c."

The plaintiff replied that Elizabeth Beale jointly, with Joshua Beale and William Gillson, were the administrators of Thomas Beale, deceased, from the 1st day of September, 1821, and so continued to the 1st day of May, 1824; that, whilst she was administratrix, &c., she wasted and converted the goods, &c., of the said Thomas Beale, deceased, to the amount of $5000; that, after the waste and conversion, the said John Maffit intermarried with the said Elizabeth, and became liable to pay all her debts due or owing at the time of her intermarriage, and was liable to pay the said sum of $5000; that, in the Circuit Court of Juniata county, No. 3, of September Term, 1827, an action was commenced in the name of the Commonwealth, for use of such person as might be entitled to the personal estate, &c., against the said John Maffit and wife, in which, &c., on the 8th day of May, 1832, judgment was rendered in favour of said Commonwealth, for the use, &c., against the said John Maffit and Elizabeth, his wife, in the lifetime of the said Elizabeth, for the sum of $8000, &c.

The plaintiff now demands and asks to have execution against the said John Maffit, who survived the said Elizabeth, his co-defendant, in said judgment of $8000.

The defendant rejoins that the said Elizabeth, while administratrix, &c., did not waste and convert to her own use the goods, &c., of the said Thomas Beale, deceased, &c., and though true it is that the said John did, on the ——— day of November, 1828, take to wife the said Elizabeth, she was not at that time, or at any time since, administratrix of Thomas Beale, deceased; and that the said Elizabeth died on the 7th November, 1841; and that the said John is in no wise liable, &c., for the debts and liabilities of the said Elizabeth before her intermarriage with the said John, &c. And the said John avers that the action alleged, &c., to be commenced in the Circuit Court, &c., No. 3, September Term, 1827, was not commenced and prosecuted as in said replication set forth, &c.; and the judgment obtained on the 8th September, 1832, as averred in said replication, was not rendered in favour of the Commonwealth, for the use, as before stated in said replication, nor for any specific sum of money against the said John Maffit and Elizabeth, his wife, but the defendant avers that the said judgment was nominal and conditional and not final, and establishes no indebtedness against the said John and Elizabeth, and the said plaintiff is not entitled, by virtue of said judgment, to have execution, &c.

The judgment of revival on the *scire facias* against John Maffit, who survived his wife Elizabeth, of the 8th of December, 1842, is not referred to in the pleadings. It was simply a judgment of revival of the judgment of the Commonwealth on the administration bond to continue the lien. It was not revived for the use of any designated person.

The *scire facias* in question was issued for the use of Thomas Todd, administrator, &c., of Thomas Beale, deceased. The whole demand of the plaintiff, Todd, is triable on this *scire facias*. This leads us to inquire into the nature and legal effect of the Commonwealth's judgment on the administration bond. .

Judgments are either interlocutory or final. The judgment on the administration bond partakes of the nature of both. It is final under our act of the 14th June, 1836, (Dunlop, 689, Pamph. L. 638,) in favour of the Commonwealth, that the bond is forfeited, and there it stands for the use and benefit of all who have an interest in the misconduct of the administrator. They are entitled under the act to writs of *scire facias* on the Commonwealth's judgment. But it is only interlocutory as to strangers; for the 11th section of the act provides, that in all cases, where the condition of an administration bond is broken, after a judgment for the Commonwealth, it shall be lawful for the party aggrieved to proceed by a writ of *scire facias* upon the judgment, suggesting his interest therein, to assess and recover the damages he shall have sustained.

In this case no *scire facias* had issued upon the Commonwealth's judgment, suggesting any interest in Thomas Todd in the lifetime of Elizabeth Beale, the administratrix; nor is a devastavit alleged to have been committed during her coverture with Maffit. After the evidence was closed, the facts were agreed to be taken as a special verdict, reserving to each party bills of exception. The learned judge afterwards delivered an elaborate opinion, and gave judgment for the plaintiff. In this we think there was manifest error, the law being, that where the husband has not, by his own acts, made himself responsible, he is only liable for the wife's devastavit, whilst the marriage subsisted between them; so that when it determines before a judgment or decree is obtained against them for the demand, his, or his wife's death, discharges the liability.

We deem a judgment for the Commonwealth on the administration bond insufficient in a case like this. It is no judgment for this demand; and the death of the wife discharged the husband from the devastavit of the wife before coverture.

The judgment is reversed, and judgment for the plaintiff in error.