Thompson, Appellant, *v.* Karastan Rug Mills.

Argued November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*R. Radakovich,* with him *Alan Frank,* and *Frank and Radakovich,* for appellant.

*Hayes C. Stover,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

This is an appeal from the order of the court below granting defendant's motion for judgment n.o.v. following a jury verdict in favor of the plaintiff.

Wayne-Weil Company, a retail carpet outlet, sold and installed wall-to-wall carpeting in appellant's home. When payment was not forthcoming, Wayne-Weil instituted an action in assumpsit in the Common Pleas Court of Allegheny County. Appellant raised the defense that the carpet was defective and unmerchantable. Mr. Thompson, further counter-claimed for damages incurred during the installation of the carpets. After taking testimony, the trial court, sitting without a jury, found in favor of Wayne-Weil, stating in its opinion, that the evidence demonstrated that the carpet was "of proper quality and merchantability." Appellant did not appeal from the final order of court, but instead, brought a second action against the manufacturer-supplier, Karastan Rug Mills, alleging that the rugs were delivered in a defective condition.

Although Karastan was not a party in the first action, it raised by way of New Matter the previous adverse judgment against the appellant, noting that "[p]laintiff in this action is bound by the ruling in No. 4137 to the effect that the carpeting is not defective, and may not try this issue anew in the instant litigation." Thereafter, on September 2, 1971, Karastan filed a motion for judgment on the pleadings for reason that "[p]laintiff is barred from maintaining the present action by *res judicata.* . . ." Said motion was denied, and the matter was listed for trial. After an unsuccessful arbitration proceeding, the appellant ap-

pealed to the common pleas court, where a jury returned a verdict in his favor in the amount of $2300.00. Karastan then moved for judgment non obstante veredicto on the ground that "[t]he issue before the jury in the present case [whether the carpets were defective] had been previously litigated . . . in a proceeding in which the above plaintiff was a party." In its motion for a new trial, Karastan alleged that the trial court had erred in failing to instruct the jury that "the plaintiff was barred from recovery in the present case *by the doctrine of collateral estoppel.*"[1] (Emphasis added). Despite Karastan's reference to both the doctrine of collateral estoppel and *res judicata,* the court en banc, in granting defendant's motion for judgment n.o.v. addressed itself only to the question of *res judicata.* Recognizing that previous case law had not held that *res judicata* applied where the parties were different, the court nevertheless concluded that *res judicata* barred the present suit saying in its Opinion: "Inasmuch as the prior litigation . . . decided as a fact, that the carpeting was of proper quality and merchantability, it is our opinion that the within litigation by Thompson against Karastan, the within defendant, alleging the same carpeting to have been defective and unmerchantable, was barred by the findings in the prior litigation."

Despite what we believe to be a correct ruling by the court below in granting Karastan's motion for judgment n.o.v., the apparent confusion of the parties and the equivocal basis for the court en banc's decision

---

[1] It appears that defendant's sole reference to *res judicata* expressly came by way of a pre-trial motion for a judgment on the pleadings. In all succeeding applications, the defendant raised the defense of collateral estoppel. At trial, Karastan raised both *res judicata* and collateral estoppel, seeking binding instructions on the latter doctrine.

demand a clarification of the distinct concepts of *res judicata* and collateral estoppel.

## I. Collateral Estoppel

As to legal actions, "collateral estoppel" is defined in Black's Law Dictionary (4th Edition), as: "Conclusiveness of judgment in prior action where subsequent action is upon a different cause of action." This defense may not be invoked in an unlimited range of situations. As one court held, in distinguishing *res judicata* from collateral estoppel, the prior judgment operates as an "estoppel" only as to matters actually in issue or points controverted in the first action. See, *Aetna Life Ins. Co. of Hartford v. Martin,* 108 F. 2d 824, 827 (8th Cir. 1940).

Invocation of the doctrine of collateral estoppel need not necessarily terminate in a bar to a subsequent action involving the same subject matter. This broad concept may, where numerous issues of fact are raised in a subsequent action, operate to bar only a single issue of fact if that sole issue was previously determined in a prior action. On the other hand, where the sole issue in the case on which judgment hinges was previously litigated, the doctrine will then bar the second action.

As our Supreme Court said in *Thal v. Krawitz,* 365 Pa. 110, 112, 73 A. 2d 376 (1950): "The question involved is not one of res judicata. Several of the identities between the former and present action, requisite to a plea of res judicata . . . are wanting [see discussion below]. The matter involves, rather, a question of collateral estoppel. 'Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on

a different cause of action . . .': Restatement, Judgments, §68. This rule is applicable to suits in equity as well as actions at law. . . ."

Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either "a sword or a shield" by a stranger to the subsequent action, as long as the party against whom the defense is invoked is the same. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322 (1955); *Ashe v. Swenson,* 397 U.S. 436 (1970).

Briefly then, the only requirements to the doctrine of collateral estoppel are:

(1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of actions be the same;

(2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action.

## II  Doctrine of Res Judicata

"To support a claim of *res judicata,* the party asserting this defense must show the concurrence of four conditions; (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Callery v. Municipal Authority of Blythe Township,* 432 Pa. 307, 311-312, 243 A. 2d 385 (1968). While not a single case in this Commonwealth has made exception to the necessity of establishing these four identities,[2] our cases have

---

[2] Our research discloses a single case decided on dubious and unclear grounds that may portend either the liberalization of the concept of *res judicata* or the merging of *res judicata* with collat-

judicially determined that the third requirement of the identity of the parties may be met whenever the parties are the same or where "their privies" appear on the same cause of action. *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A. 2d 786 (1965); *Hurtt v. Stirone,* 416 Pa. 493, 206 A. 2d 624 (1965). Once it is determined that the concurrence of four identities exist, the only remaining inquiry of the court should be to determine "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery,* supra at 312.

It should be noted that while the plea of *res judicata* always results in a bar to a subsequent suit, it is limited to a relitigation of issues on the *same* cause of action involving the *same* subject matter and concerning the *same* parties or their privies. The doctrine of collateral estoppel, is by its very nature, a broader concept requiring only the *same* issue of fact and the same party or privy *against whom* the defense is invoked. The cause of action need not be the same nor need the parties have the balance of identity.

---

eral estoppel. On the other hand, the case may reflect a confusion as to the applicability of the two concepts. In *Posternack v. Am. Cas. Co. of Reading,* 421 Pa. 21, 218 A. 2d 350 (1966), plaintiff sued two insurance companies for fire loss. The companies were unrelated, but in their Answers denied that the policies had been lawfully issued in that a common agent for both companies had received the applications for insurance from an unlicensed broker subsequent to the date of the fire loss. One of the cases terminated in a verdict in favor of one of the companies. The other defendant moved to amend its Answer to include the defenses of collateral estoppel and *res judicata.* The Pennsylvania Supreme Court reversed the lower court's refusal to permit the proposed amendment, holding that the facts needed "enlargement". The Court concluded that *res judicata* was not necessarily inapplicable to the facts in the case, and that the relationship of the common agent for the two companies had to be clarified before a determination could be made if the issues decided in one suit precluded relitigation.

## III The Instant Case

In the instant case, the subject matter of the dispute is the quality of the rugs sold and delivered to the appellant. The questions of merchantability and defective goods involve the application of the Uniform Commercial Code (12A P.S. §§1-101 et seq.). In the first action, the trial court determined that the carpets were "of proper quality and merchantability." The issue in the second suit, while against a different party, is the same. Appellant alleges that the goods sold and delivered to the retailer, Wayne-Weil, were defective. The court en banc properly concluded that the "within litigation . . . was barred by the findings in the prior litigation."

As defendant's post-trial motions concerned only the defense of collateral estoppel, the matter could have easily been determined under that doctrine alone. The court below had determined that the sole issue raised in the second suit had been previously litigated and determined against the plaintiff. Karastan, though not a party to the first action, could as a "shield" raise collateral estoppel to preclude relitigation of this issue.

Undoubtedly, as the ambiguity of the concept under which the defendant was moving and the identification of the doctrine of *res judicata* in its motion for judgment on the pleadings clearly indicate, the defendant was at all times claiming that the doctrine of *res judicata* was equally applicable in the instant case. It may be that, despite description of the defense as *collateral estoppel* in post-trial motions, the defendant at oral argument relied heavily upon *res judicata* causing the court en banc to rely solely on the latter concept in its opinion.

An examination of the relationship of the parties to the first and second actions discloses that the parties satisfied the identities necessary for the utilization of

*res judicata.* The parties admit to the identity of three of the requirements, but challenge the satisfaction of the third identity, i.e., the identity of the parties to the action. As pointed out above, the appellant was a party in both actions. *Res judicata* does not require absolute identity, but permits the persons and parties *or their privies* to be the same. The law of Pennsylvania recognizes that a manufacturer-supplier of goods stands in "vertical privity" in the "chain of sale" to the retailer and purchaser. This is true whether the action sounds in tort or in contract. *Kassab v. Central Soya,* 432 Pa. 217, 246 A. 2d 848 (1968).

Under the facts of this case, we believe that Karastan could bar litigation between itself and a party which had unsuccessfully defended a claim brought by its privy. Both collateral estoppel and res judicata were applicable and justified the granting of defendant's motion for judgment n.o.v.

Order affirmed.