Davis et ux. *v.* O'Brien, Appellant, et al.

Argued June 13, 1974. Before WATKINS, P. J., JA-
COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

450

*Charles A. Harad,* with him *Howard M. Girsh,* and *Steinberg and Girsh,* for appellant.

*William V. Coleman,* with him *James L. Rosenbaum,* and *Liebert, Short, Fitzpatrick & Lavin,* for appellees.

OPINION BY HOFFMAN, J., September 23, 1974:

The question before us is whether suit is barred between parties who were defendants in a prior action wherein the negligence of the respective parties had been litigated.

On January 19, 1969, the appellant's vehicle rear-ended the appellee's automobile as both were proceeding in a westerly direction on the Schuylkill Expressway. Mercedes Boerner, a passenger in appellant's vehicle, brought suit in Delaware County against both drivers, the appellant and appellee herein, for injuries she sustained as a result of the accident. After two days of trial, the Honorable Howard F. REED directed a verdict in favor of the appellee, William Davis, and found in favor of the plaintiff Mercedes Boerner against the appellant, Donald T. O'Brien. No appeal was taken from the final order of the Court.

The present action, involving a dispute between the two drivers and concerning the same accident, was filed in the Common Pleas Court of Philadelphia. In the instant suit, the appellee and his wife sued the appellant, who, in turn, joined the appellee as an additional defendant and, in addition, counterclaimed for property dam-

age. On October 8, 1973, the appellee filed a Motion for Summary Judgment in which he averred that the prior judgment in the Delaware County matter precluded relitigation on the issue of liability as between the parties in the instant proceeding. On December 18, 1973, the Honorable Ned HIRSH entered an order granting summary judgment and dismissing the joinder. It is this order from which the present appeal is taken.

Appellant contends that the law in Pennsylvania does not prohibit the relitigation of issues between parties who were not *adversaries* in a prior action. Relying on Section 82 of the Restatement of Judgments,[1] the appellant argues that the rendition of a judgment in an action does not affect the rights of parties *inter se* where in the prior action the parties were sued by a third party, and acted only in the capacity of defendants. We cannot agree with appellant's position.

This Commonwealth has long accepted the principle of collateral estoppel as defined in the Restatement of Judgments, §68(1) : "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . . ." See, *Thal v. Krawitz,* 365 Pa. 110, 112, 73 A. 2d 376 (1950) ; *Thompson v. Karastan Rug Mills,* 228 Pa. Superior Ct. 260, 323 A. 2d 341 (1974). It is not necessary for the parties involved in the subsequent action to have been "adversaries" in a prior action;[2] nor is it of significance that the litigating

---

[1] Section 82 of the Restatement of Judgments states: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

[2] It is not even necessary that the parties be identical in the subsequent action to have the doctrine of collateral estoppel prevent the relitigation of an issue determined in a prior action. As

parties were merely codefendants in a prior action. As our Supreme Court said in *Pittsburgh & Lake Erie R.R. v. McKees Rocks Borough,* 287 Pa. 311, 317, 135 A. 227 (1926): "True, they were codefendants there, but a judgment may be res judicata as between coparties if they asserted adverse interests in the former proceeding . . . ."

In the former proceeding, the issue of negligence of the two drivers was fully litigated. The passenger in appellant's car recovered against the appellant who rearended the appellee's vehicle. The lower court determined liability in favor of the appellee, finding no negligence. The parties, though codefendants, represented adverse interests. A finding of liability against both defendants would have entitled the appellant to contribution. This right alone has been held to be an "adverse interest" invoking the doctrine of collateral estoppel to matters litigated in a prior action. *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17 (1948). Furthermore, as both were parties in the action below, appellant had the right and opportunity to present evidence of appellee's negligence so as to compel a sharing of fault. *Frank v. W. S. Losier & Co.,* 361 Pa. 272, 64 A. 2d 829 (1949). Having failed to establish fault on the part of the appellee, and opting not to appeal from a directed verdict in appellee's favor, the issue of negligence may not now be relitigated.

Order affirmed.

---

we said in *Thompson v. Karastan Rug Mills,* supra at 265, ". . . the only requirements to the doctrine of collateral estoppel are: (1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of actions be the same; (2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action."