**Automotive Rentals, Inc. v. Keller's Automobile Service**

*Michael J. Brillhart,* of *Markowitz, Kagen & Griffith,* for plaintiff.
*John C. Uhler,* for defendant.
*George F. Douglas, Jr.,* for additional defendant.

SHADLE, *P.J.,* July 23, 1975—An automobile accident occurred between a car owned by plaintiff, Automotive Rentals, Inc., and operated by additional defendant, Liska, a car owned by defendant, Keller, and operated by its employe, Taylor, and a car operated by additional defendant, Dubs.

Automotive previously brought an action to recover the damages to its car against Taylor and Dubs. The claim was tried before a board of arbitrators which found in favor of Automotive and against only Taylor, but exonerated Dubs. No appeal was taken from that award.

Automotive has now brought this action also to recover its car damages against Keller. The latter has joined Dubs and Liska as additional defendant, alleging that they are solely or jointly liable for Automotive's damages. In response to Keller's joinder of him, additional defendant, Dubs, has pleaded the prior action, alleging it to be res judicata, as to the issue of liability as between Keller and Dubs. Dubs has filed a motion for judgment on the pleadings on this ground.

The issue is thus raised: Where a third party recovers a judgment against an employe for a tort committed in the course of his employment, is such judgment res judicata or does it constitute collateral estoppel in a second suit on the same cause of action by such third party against the employer of such employe?

Dubs cites Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 323 A.2d 341 (1974), and Davis v. O'Brien, 230 Pa. Superior Ct. 449, 326 A.2d 511 (1974), for the following proposition:

". . .the only requirements of collateral estoppel are: (1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of action be the same; and (2) that the party against whom the defense is invoked is identical to *or in privity* to the party in the first action." Thompson, 323 A.2d at 344 and Davis, 326 A.2d at 512. (Emphasis supplied.)

Thus, Dubs argues that Keller and Taylor are "in privity" with each other by virtue of the employment relationship between them, and that the prior award establishing Taylor's liability to Automotive now binds Keller.

However, Davis was a case in which Boerner, a passenger, sued both her own driver, Davis, and O'Brien, the other driver, and a judgment was entered only against O'Brien but in favor of Davis. Davis then brought a suit for his own damages against O'Brien. The court held that the second claim by Davis was collaterally estopped by the judgment in the first action on the basis that Davis actually had been a party to the first action and had the right and opportunity to present evidence on the issue of negligence, citing the Restatement, Judgments, §68(1). Here, Keller was not a party to the first action, nor had it the right and opportunity to present evidence therein.

Thompson held that where a purchaser has sued a retailer for furnishing defective merchandise, in which it was decided that the defect was not due to the retailer but to the manufacturer, a second

suit by the purchaser against the manufacturer was barred by both res judicata and collateral estoppel. The court held that the manufacturer and the retailer were "in privity" with each other, thus satisfying the second collateral estoppel requirement in the quotation cited above. However, the court was careful to point out that the question of whether the bar should be applied depended upon "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." 323 A.2d at 344 (Emphasis supplied). See also on this point, Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 243 A.2d 385 (1968), and Hochman v. Mortgage Finance Corp., 289 Pa. 260, 137 Atl. 252 (1927).

The precise issue, on analogous facts, has been ruled on in Makariw v. Rinard, 336 F.2d 333 (3d Cir. 1964). There, Rinard had sued Makariw's employer for Rinard's injuries caused by Makariw's negligence, and recovered. Makariw having been killed in the same accident, his estate thereupon sued Rinard for the death. Rinard claimed that the prior judgment establishing Makariw's negligence barred recovery in the second action under res judicata or collateral estoppel. The court held to the contrary, stating that the employe who had not been a party to the first suit was not bound by the result in that proceeding. After reviewing the authorities, the court stated that whether or not the employer and employe were "in privity" with each other, under the authority of the Restatement, Judgments, §96, comment (j), "A person who is not a party to an action, who is not represented in it and who does not participate in it, is entitled to an opportunity to liti-

gate his rights and liabilities," and, therefore the employe could not be deprived of his day in court to himself litigate the issue of his own negligence.

We conclude, therefore, that Keller, in this action is not bound by the finding in the prior action in which Keller did not participate, that his employe, Taylor, was negligent, and that Keller is, therefore, entitled to himself litigate that issue in this action.

## ORDER

And now, July 23, 1975, the motion of the additional defendant, Dubs, for judgment on the pleadings is refused, and an exception is noted on his behalf.