# Bell v. Lauth

*Herbert Braker*, for plaintiff.
*John G. Jenemann*, for defendant.
*James J. Kerwick*, for additional defendants.

CAVANAUGH, *J.*, April 7, 1977—The matter presently before us is a motion by plaintiff Harry W. Bell (Bell) for summary judgment on the issue of liability against defendant, George W. Lauth, Jr. (Lauth). Bell seeks application of the doctrine of collateral estoppel to this action, in that the issue of liability had been previously litigated in Joseph Burke v. George W. Lauth, Jr., Court of Common Pleas of Philadelphia County, August term 1970, no. 2933.

On January 2, 1970, Bell, a policeman, while on duty, was a passenger in a city vehicle operated by Martin Ratowski (Ratowski), also a policeman and an additional defendant herein. Joseph Burke, Anna Burke and their daughter Linda Burke (Burkes), were also passengers in the city vehicle

and are not parties to this action.[1] At the intersection of "L" Street and Hunting Park Avenue an accident occurred between the vehicles being operated by defendant Lauth and additional defendant Ratowski. As a result of the accident plaintiff Bell and the Burkes claim injuries. In August of 1970, the Burkes brought an action in the Common Pleas Court of Philadelphia in trespass for personal injuries sustained against defendant herein, Lauth, and additional defendants herein, City of Philadelphia and Ratowski. This action by the Burkes was submitted to an arbitration panel and resulted in a verdict in their favor and against defendant herein Lauth. The panel further found in favor of the city and Ratowski and against Lauth on the city's crossclaim for property damage.

From this finding in the arbitration case against Lauth, Bell seeks this court to grant his motion for summary judgment by applying the doctrine of collateral estoppel.

Our research has failed to disclose any Pennsylvania cases which address themselves to the specific question presented herein, to wit, whether a finding in favor of one plaintiff who was a passenger in an emergency vehicle involved in an accident, in an unappealed compulsory arbitration case can be used as collateral estoppel in a major case[2] by another passenger in the vehicle against the same defendant. In Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 323 A. 2d 341

---

1. Mr. Burke was bleeding from the ears and mouth in an emergency vehicle and was in transit to a nearby hospital when the accident which is the basis for this action occurred.

2. Plaintiff has sought and received major (in excess of $10,000) case status in the instant action.

(1974), Judge Sydney Hoffman stated that the only requirements for the doctrine of collateral estoppel to be successfully invoked are: "(1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of action be the same; (2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action."

We are also aware that Pennsylvania takes a liberal approach to the doctrine of mutuality: Provident Tradesmens Bank and Trust Company v. Lumbermens Mutual Casualty Co., 411 F. 2d 88 (3d Cir. 1969); Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 218 A. 2d 350 (1966).

However, we do not believe that the collateral estoppel doctrine contemplates the allowance of a judgment in a relatively small arbitration award to determine the outcome in a more serious major case personal injury action. The aggregate amount of the arbitration awards was $2,648. Plaintiff in this action seeks damages in excess of $10,000.

The arbitration system of the court of common pleas is an efficient system. However, it was designed to expeditiously dispose of "minor" cases and its primary purpose was to eliminate the large backlog of cases being tried in the courts.

We must consider what purposes will be frustrated by the application of collateral estoppel to the instant litigation. The threat of the application of collateral estoppel will seriously impede the prompt disposition of smaller claims. We will be encouraging the taking of an appeal from an arbitration award in an effort to avoid the widespread consequences of an adverse judgment. The present case is an excellent example of the principle set

forth above. Here defendant's failure to appeal from the arbitration award seemed altogether reasonable but would very probably not have been the case if defendant had known then that the prior judgment would govern the present action in which far more is sought as damages. The hardships incident to this application will fall equally upon plaintiffs, for the claimant who goes first will have the most to lose and the one who proceeds last, the least.

Also, we are not certain that the issue of negligence was fully litigated in the prior proceeding, as we do not have the benefit of a record of the arbitration proceeding to review. In the instant case, plaintiff is a policeman on duty in an emergency vehicle transporting an injured person to the hospital at the time of the accident. His position as a "look-out" and whatever duties may have been incumbent with the position, may not have been fully explored before the arbitration panel. In the prior proceeding, plaintiffs were passengers in the police vehicle. Therefore, the factual posture of the instant action cannot sufficiently justify the application of the rule. See Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F. 2d 532 (2d Cir. N.Y. 1965); Reardon v. Allen, 88 N.J. Super. 560 (1965); Estoppel by Judgment—Mutuality Need, Annotation, 31 A.L.R. 3d 1044.

In light of the foregoing, we issue the following

## ORDER

And now, April 7, 1977, upon due consideration of plaintiff's motion for summary judgment and defendant's answer thereto, it is hereby ordered and decreed that the motion for summary judgment is denied.