## In re MEADE LAND & DEVELOPMENT CO., INC., Bankrupt.

## EASTGATE ENTERPRISES, INC., Plaintiff,

### v.

## Donald E. FUNK, Defendant.

## Bankruptcy No. 69–357WK.

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 5, 1979.

---

Joseph G. Feldman, Philadelphia, Pa., for defendant, Donald E. Funk.

Charles J. King, Jr., Norristown, Pa., for Eastgate Enterprises, Inc.

Edward E. Cohen, Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The Plaintiff, Eastgate Enterprises, Inc., as an unsecured creditor of the Bankrupt, Meade Land & Development Company, Inc., brings this action against the Defendant, Donald E. Funk, to disallow his claim pursuant to the Bankruptcy Act, 11 U.S.C. § 93(d), relying on § 57(d). The claim in question, originally an unliquidated claim at the time of filing of proof, was presented before the Honorable Robert W. Bolger, Judge of the Court of Common Pleas of Philadelphia for liquidation in 1974. Judge Bolger found in favor of Defendant Funk on the merits of the case, but the judgment did not set forth a specific dollar amount to which Funk was entitled. After Judge Bolger retired, the case was transferred in January 1979 to the Honorable Ned L. Hirsh of the Court of Common Pleas of Philadelphia for liquidation of the exact amount of the claim. The Court awarded the Defendant a judgment of $32,000.00 on April 2, 1979. The Bankrupt has filed exceptions to that judgment and the Defendant has filed a Motion to Dismiss the Exceptions for failure to prosecute under the Rules of Civil Procedure of Philadelphia County. On October 19, 1979, Plaintiff's Exceptions were dismissed.

The following Opinion constitutes findings of fact and conclusions of law.

The Defendant, Donald E. Funk, has raised the issue as to whether the Plaintiff, Eastgate Enterprises, Inc., an unsecured creditor of the Bankrupt, Meade Land & Development Company, Inc., has standing to bring this action. The answer to this question may be derived from § 57(d) of the Bankruptcy Act, 11 U.S.C. § 93(d) which provides that:

Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the Court, unless objection to their allowance shall be made by parties in interest . . .

The issue now confronting the Court is whether in fact the Plaintiff is the appropriate "party in interest" to object.

The term "parties in interest" applies to those who have an interest in the "res" which is to be administered. *Matter of Sully & Company*, 152 F. 619 (2d Cir. 1907), cert. denied sub nom. *Miller v.*

*McCormick*, 206 U.S. 566, 27 S.Ct. 793, 51 L.Ed. 1191 (1907). In principle, this would permit any creditor to object to the allowance of any other creditor's claim, but this view must be balanced against the needs of orderly and expeditious administration of the bankrupt's estate. Most jurisdictions have therefore adopted the general rule that once a trustee has been elected and qualified, no general creditor has standing to contest another general creditor's claim, unless the trustee, upon application, refuses to object and the court thereupon has authorized the creditor to proceed in the trustee's name. *Fred Reuping Leather Company v. Fort Greene National Bank*, 102 F.2d 372 (3d Cir. 1939); 3 Colliers on Bankruptcy §§ 57.14(2.2) (14th edition), 278–279.

There exist two (2) rationale for such a rule. One is that the "cestui que trust", where a trustee has been elected, must act through or by the trustee and may only act in "propria persona" when the trustee, upon application, has refused to act. *In re Hatem*, 161 F. 895 (D.C.N.C.1908). The second is the fear that if every creditor was permitted to intervene and participate in matters of litigation, the courts would be engulfed with proceedings and be unable to perform its duties efficiently. See *In re Patterson-MacDonald Shipbuilding Co.*, 288 F. 546 (9th Cir. 1923).

■ In the instant case, the record indicates that the Plaintiff, Eastgate Enterprises, Inc., never requested the Trustee to act on his behalf, nor did he secure the Trustee's rejection and request the Court to intervene. But by bringing this action against the Defendant, Eastgate has voluntarily assumed the costs involved, which is a relevant factor in making a determination whether to permit or dismiss this action. See *In re Canton Iron and Steel Co.*, 197 F. 767 (D.C.Md.1912). Furthermore, the Plaintiff, acting in his capacity as a creditor, has had the right of a "party in interest" all along to seek protection of the Court against any arbitrary action taken by the Trustee in settlement of claims of other creditors, such as in the negotiation of unliquidated claims. 3 Colliers, supra §§ 57.-17(2.2), 282. The fact remains, however, that the Plaintiff-Creditor never at any time requested the Court to permit it to act in the Trustee's name, who has in fact remained a neutral party throughout these proceedings.

By a technical application of the law, the action could be dismissed and the Trustee requested to institute a new action. Such an order would serve to merely deplete the time, money, and effort of all parties concerned. Thus, since the Plaintiff has voluntarily assumed the costs of this action, See *In re Canton Iron and Steel Co.*, supra, and in balancing the equities involved, this Court will proceed to decide this Case on its merits.

The Plaintiff has based his position, that Defendant Funk is not entitled to enforce his claim against the Bankrupt, on § 57(d) of the Bankruptcy Act, 11 U.S.C. § 93(d), which provides that:

". . . an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this Act."

■ Section 57 shall be construed along with § 63(d) of the Act which states that: where any contingent or unliquidated claim has been proved, but, as provided in subdivision (d) of § 57 of this Act, has not been allowed, such claim shall not be deemed provable under this Act.

■ As such, the provability of the Defendant's claim is conditioned upon its allowance by the Court, but such a claim is prima facie provable and remains provable unless it is not liquidated or fixed by estimate as directed by the Court, or it is incapable of liquidation or reasonable estimation. *In re Skidmore*, 29 F.Supp. 293 (D.C.Ala.1939); 2 Remington § 853, *A Treatise on the Bankruptcy Laws of the United*

*States* (1956). In the Case at hand, Plaintiff argues that because the Defendant's claim remains unliquidated and is now the subject of litigation in the Court of Common Pleas of Philadelphia, final liquidation of the claim would unduly delay administration of the estate and should not be allowed pursuant to § 57(d). The Court therefore, must address itself to the issue as to what effect will the judgment, now being appealed, have with regard to establishing provability of the claim. If the judgment is indeed considered "provable", it shall be allowed.

It is a general rule of law that questions as to the finality of a judgment are governed by the law of the rendering forum, *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946); *Coclin Tobacco Company v. Griswold*, 408 F.2d 1338 (1st Cir. 1969), cert. denied 396 U.S. 940, 90 S.Ct. 373, 24 L.Ed.2d 241 (1969). Under Pennsylvania law, a judgment is not final if further judicial action is required to determine the matter litigated, *Maffit v. Commonwealth*, 5 Pa. 359 (1847) and an appeal of said judgment will not suspend its effect, which is deemed final, until it is reversed. *Emery v. U. S.*, 27 F.2d 992 (D.C.Pa.1928). Moreover, the mere fact that a party has made a motion in the trial court to vacate the judgment will not deprive the judgment of its conclusive effect, and whether such proceedings vacate the judgment depends upon the provisions of statutory law. *Restatement of Judgments*, Section 41, Comment (d). In this regard, the Pennsylvania Rules of Appellate Procedure, Rule 1731, 42 Pa.C. S.A., 93, states that:

> An appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of approximate security in the amount of 120% of the amount found due by the lower court and remaining unpaid.

In the opinion of this Court, the judgment in the Court of Common Pleas of Philadelphia in favor of Donald Funk and against Meade Land and Development Co., Inc. required no further judicial action and was final in nature. See *Maffit v. Commonwealth*, supra. In appealing this final judgment, the Plaintiff has also chosen not to abide by Rule 1731 of the Pennsylvania Rules of Appellate Procedure, 42 Pa.C.S.A., as evidenced by its failure to deposit a bond with the Court in the amount of 120% of the judgment. Thus, the decision rendered by the State Court, which has not been stayed during the appeal pursuant to statutory procedure, is considered to be final and therefore provable.

The question which this Court must next address is whether this decision may be adopted in the present action so as to "allow" the claim, pursuant to § 57(d) of the Bankruptcy Act (11 U.S.C. § 93(d)).

For the purposes of res judicata, a judgment is considered final, although an appeal has been taken, *where the party maintaining the action has not filed a supersedeas bond. Hartmann v. Time, Inc.*, 64 F.Supp. 671, 681 (E.D.Pa.1946) vacated in part and set aside, 166 F.2d 127 (3rd Cir. 1946); See also *Restatement of Judgments*, supra. It is well settled that for such a doctrine to apply, there must be a concurrence of four (4) conditions: identity in the thing being sued upon; identity of cause of action; identity of persons and parties to action; and identity of quality or capacity of party suing or sued. *Holt Hauling & Warehousing v. Rapistan, Inc.*, D.C., 448 F.Supp. 991, 996 (1978); *Albright v. Wella Corp.*, 240 Pa.Super. 563, 568–9, 359 A.2d 460, 463 (1976). In the alternative, application of the doctrine of collateral estoppel requires only that the same issues of fact be present as well as the same party against whom it is to be involved, although there need not be a balance of identities among the parties: *Holt Hauling & Warehousing Systems v. Rapistan, Inc.*, supra; See also *Davis v. O'Brien*, 230 Pa.Super. 449, 451–452, 326 A.2d 511, 512 (1974); *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 266, 323 A.2d 341, 344–345 (1974).

In the opinion of this Court, the broader concept of collateral estoppel would

be applicable to treat as final those claims "actually and necessarily" decided by the Court of Common Pleas of Philadelphia. See *Brown v. Felsen,* 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979). Although Eastgate Enterprises, Inc. was not a Plaintiff in the litigation against Donald Funk in the State Court action, its identity is intertwined with that of the Meade family through their extensive stock holdings in the Plaintiff's company. The Meades were, however, involved in the litigation as the owners of Meade Land and Development Company, and did so appear and assert their rights. See *Thompson v. Karastan,* supra; *Davis v. O'Brien,* supra, 230 Pa.Super. at 451–452, 326 A.2d at 512. Thus, since the issues of fact raised here are identical to those raised in the State Court, and due to the similarity of general identity of the Plaintiff against whom the doctrine of collateral estoppel is to be invoked, the Plaintiff is foreclosed from raising the issue of the provability of the Defendant's claim. Pursuant to the Bankruptcy Act § 57(d), 11 U.S.C. § 93(d) the claim of Defendant, Donald E. Funk, in the sum of $32,000.00 is therefore considered proven and will be allowed.