## Miller v. Schaffer

*Michael J. Casale, Jr.,* for plaintiff.
*Carl Rice,* for defendants.

KREHEL, *P.J.,* December 24, 1980—Preliminary objections of defendant bank to plaintiff's complaint in assumpsit are before this court for disposition.

The basic facts in this matter are not in dispute. Plaintiff has alleged that he and defendant Schaffer, entered into an oral agreement in September, 1974 whereby plaintiff promised to provide in-home care to said defendant, in consideration of which the said defendant would "take care" of plaintiff in her will.

Plaintiff further alleges that in January, 1975 the parties amended their oral agreement so that plaintiff would be compensated at the rate of $100 per week.

Defendant bank and Hattie Schaffer entered into an agreement in December, 1974 whereby all of Mrs. Schaffer's assets were placed in an irrevocable inter vivos trust, the bank being trustee.

Upon receipt of a letter from Mrs. Schaffer's counsel requesting payment of $100 per week to

Miller, the bank filed a petition to no. 42 May Term, 1977, orphans' court division, requesting the court for direction as to Mrs. Schaffer's request.

This court, after a hearing, entered the following:

"AND NOW, this 28th day of November, 1979, upon due consideration of the Petition of the Trustee, Northumberland National Bank, and after Hearing held in this matter, said Trustee is hereby ORDERED to pay William H. Miller the sum of Six Thousand Three Hundred and Fifty ($6,350.00) Dollars for past services performed in the care and custody of Hattie G. Schaffer.

"IT IS FURTHER ORDERED that the said Trustee shall pay William H. Miller the sum of Twenty-five ($25.00) Dollars per week for the care and custody of Hattie G. Schaffer for so long as he shall provide his services.

"In determining what constitutes a fair and reasonable amount of compensation for William H. Miller, the Court not only considered the value of the services provided with room and board as well as other benefits in kind during the period he has resided with Hattie G. Schaffer."

Counsel for the bank filed preliminary objections in the nature of a demurrer to plaintiff's complaint, arguing that plaintiff is collaterally estopped from pursuing this action.

A plea of collateral estoppel is valid if: 1) the issue decided in the prior adjudication was identical with the one presented in the later action; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action: Safeguard Mutual In-

surance Company v. Williams, 463 Pa. 567, 574, 345 A. 2d 664, 668 (1975).

The relief sought in this action, namely, plaintiff's demand for payment of $100 per week for the care of Hattie G. Schaffer, is the precise issue this court decided in the orphans' court division proceeding.

The second requirement of collateral estoppel is also satisfied by the order of November 28, 1979, which awarded Mr. Miller $25 per week.

This court stated in the order, "In determining what constitutes a fair and reasonable amount of compensation for William H. Miller, the Court not only considered the value of the services provided with room and board as well as other benefits in kind during the period he has resided with Hattie G. Schaffer."

The language of this order indicates that a decision was reached on the merits of the case in that the court considered several factors in determining a fair amount of compensation for Miller.

The order was not appealed by either party and the bank commenced payments to Miller such that he had received the sum of $6,550 at the time this action was filed in March of 1980.

For these reasons, we find that there was a final judgment on the merits in the orphans' court division proceeding which satisfies the second element of collateral estoppel.

The third requirement of collateral estoppel is that the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication.

Counsel for plaintiff argues that plaintiff was not a named party to the prior proceeding and the court's decision is not binding.

For the purpose of res judicata (or collateral estoppel), courts will look beyond the nominal party whose name appears formally upon the record and will treat as the real party him whose interests are involved in the litigation: 46 Am. Jur. 2d, Judgments §538.

It is clear that the real party in interest in the orphans' court division proceeding was Miller, and the fact that he was not a named party should not defeat the claim of collateral estoppel.

The doctrine of collateral estoppel is, by its very nature, a broader concept requiring only the same issue of fact and the same party or privy against whom the defense is invoked: Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 266, 323 A. 2d 341, 344 (1974).

Even if the court would find that Miller was not a party in interest in the prior orphans' court division proceeding, he is clearly in privity of contract with Mrs. Schaffer which satisfies the third requirement of collateral estoppel.

The final element of collateral estoppel is that the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

In the prior proceeding, plaintiff was ordered by this court to appear at the hearing, which he did, and offered testimony in his own behalf.

Plaintiff's claim that he was not represented by counsel and did not have the opportunity to present witnesses must also fail. Attorney Campana, who represented Mrs. Schaffer at the hearing, effectively presented his case. Since he was seeking the same relief that plaintiff seeks in this action, we cannot accept plaintiff's claim that he did not have a full and fair opportunity to litigate the issue, especially in light of the fact that the court was uncer-

tain as to whether Mr. Campana represented Miller or Mrs. Schaffer.

The court finds that all four elements of collaeral estoppel have been met, and defendant bank's demurrer should be granted.

Counsel for the bank argues in his brief that if plaintiff is collaterally estopped to pursue the instant action, such a determination is dispositive of the entire case as to both the bank and defendant, Hattie G. Schaffer. We agree.

Since today we grant defendant bank's demurrer, we need not consider the other issues raised in their preliminary objections.

Therefore, we enter the following

### ORDER

And now, December 24, 1980, upon due consideration of written and oral arguments of counsel, it is ordered and directed that defendant Northumberland National Bank's preliminary objections to plaintiff's complaint in the nature of a demurrer is hereby granted.

The prothonotary is hereby directed to enter judgment in favor of defendants Hattie G. Schaffer and Northumberland National Bank.