## Rote v. Colonial Real Estate Inc.

*Graham C. Showalter*, for plaintiff.
*Charles H. Saylor*, for defendant Shuler & Alder.
*Paul N. Brown*, for defendant Thursby.

McCLURE, *P.J.*, May 12, 1986 —

## HISTORY OF THE CASE

Plaintiffs filed a complaint against the four named defendants on April 30, 1984. On May 30, 1984, defendant Colonial Real Estate Inc. filed preliminary objections in the nature of a demurrer, contending that the action was barred by the four-year statute of limitations. On July 27, 1984, defendant White Deer Township Supervisors filed preliminary objections in the nature of a demurrer asserting among other reasons that the cause of action was barred as against it by the Political Subdivision Tort Claims Act of 1978.

By order dated October 2, 1984, and filed October 5, 1984, the court granted the preliminary objections of defendant White Deer Township Supervisors and dismissed plaintiffs' complaint as to it, but the court denied the preliminary objections of defendant Colonial, as a praecipe for writ of summons had been filed August 23, 1983, well within the applicable four-year statute of limitations.

On October 3, 1984, defendant Loretta L. Thursby filed a complaint against Shuler & Alder as

an additional defendant, and on October 4, 1984, filed an answer to plaintiffs' complaint.

On October 30, 1984, additional defendant Shuler & Alder filed preliminary objections in the nature of a motion to strike, asserting that its joinder as an additional defendant was untimely under Pa.R.C.P. 2253, having been filed more than 60 days after service upon the original defendant of the initial pleading of the plaintiffs.

## APPLICABLE LAW

Rule 2253. Time for Filing Praecipe or Complaint reads as follows:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The Superior Court has recently restated the applicable law as follows:

"The leading case interpreting this rule, particularly as it applies to the instant action, is *Graham v. Greater Latrobe School District,* 436 Pa. 440, 260 A.2d 731 (1970). In that case, our Supreme Court held that Pa,R.C. P. 2253 means that '. . . the praecipe or complaint must be filed within one of the following three periods: (1) within 60 days after service on the defendant of the plaintiff's complaint; (2) within 60 days after service on the defendant of an amendment of the plaintiff's complaint; (3) within such greater time as may be allowed by the court upon cause shown.' Id. at 443, 260 A.2d at 732. The thrust of the *Graham* decision,

however, was to carve out an addition to the above quoted interpretation, a 'fourth' time period, when an original defendant had filed preliminary objections to the original complaint. In that event, the 60 day period does not begin to run until the objections are ruled upon. Id. at 444, 260 A.2d at 733." *Commercial Banking Corp. v. Culp,* 297 Pa.Super. 344, 443 A.2d 1154, at 1156 (1982).

## DISCUSSION

The question is, first of all, whether or not the *Graham* decision applies, thus allowing the original defendant to file the complaint against the additional defendant within 60 days after the October 2, 1984, ruling on preliminary objections. If that is permitted, then the complaint is timely filed, as it was filed on October 3, 1984, one day after the date of the ruling on the preliminary objections and two days before the actual filing of that order. If the *Graham* decision does not apply, then the court could allow the untimely filing upon "cause shown." Of course, if the *Graham* decision is applicable, then the court need not determine whether there is any separate justifiable cause, as the filing would be deemed timely.

Additional defendant Shuler & Alder asserts, of course, that the theory of the *Graham* case does not apply, and the original defendant, Thursby, asserts that it does. There is one clear difference between the facts of *Graham* and this case. In *Graham*, the original defendant filing the complaint against the additional defendant was the party who filed the preliminary objections. In this case, original defendant, Thursby, at the time of the ruling on the preliminary objections of two of the other defendants, had filed no pleadings. It is quite clear under *Graham* that if original defendant Thursby had filed

the same preliminary objections as defendant Colonial, asserting the bar of the statute of limitations, a ruling favorable to original defendant Thursby would have completely terminated the action as against that defendant.

Technically, of course, if the preliminary objections filed by defendant Colonial has been sustained, that action itself would not have directly resulted in a dismissal of the complaint as against defendant Thursby. Defendant Thursby would have had to persuade plaintiffs either to discontinue the action based upon the court's ruling on the preliminary objections of defendant Colonial, or would have had to file promptly its own preliminary objections or answer with new matter asserting the statute of limitations as a defense.*

There are two Superior Court cases dealing with this issue since the *Graham* case. In the first, *Pennsylvania Gas and Water Company v. Lisbon Contractors*, 228 Pa.Super. 267, 431 A.2d 1041 (1981), the preliminary objections filed by the original defendant had challenged one of two counts of the complaint, and thus, if successful on the one count, would not have terminated the litigation on the other. There the court held that when an original defendant files preliminary objections to less than all counts of a multi-count complaint, *Graham* does not apply and the 60-day period for joinder of additional defendants goes forward as usual. Id., at 1042. The

---

* Actually, the preliminary objections of defendant Colonial, asserting the affirmative defense of the bar of a nonwaivable statute of limitations were inappropriate. Such a defense must be raised by new matter under Pa.R.C.P. 1030 and not by way of preliminary objections. See Pa.R.C.P. 1017(b)(4). However, as this issue was not raised by plaintiffs, the court could in its discretion proceed to rule on the assertion of that defense in the preliminary objections, which it did.

court also found that the additional defendant was a necessary additional defendant as to both counts of the original complaint, and thus clearly the continuance of the one count would have carried over also as against the additional defendant.

The second Superior Court case is *Commercial Banking Corporation v. Culp,* supra. In that case, one of three original defendants filed preliminary objections attacking, inter alia, the validity of service of the original complaint. All three original defendants then filed a petition to join an additional defendant at a time which would have been more than 60 days after the filing of the original complaint by plaintiffs. There the court found that the original defendant who had filed the preliminary objections was a necessary and indispensable party and that if the preliminary objections had been sustained, the litigation would have been terminated as to a necessary party. In such circumstances, the court held that the theory of *Graham* applies and the 60-day period for joinder would not begin to run until the preliminary objections are ruled upon.

Unlike the situation in *Commercial Banking Corporation v. Culp,* supra, in the instant case it cannot be said that original defendant Colonial was a necessary and indispensable party in an action against original defendant Thursby. However, the cases are similar in that the Superior Court in *Culp* allowed two of the three original defendants to have the benefit of the extension of the 60-day period stemming from the filing of the preliminary objections by the third original defendant.

It seems clear in this case that original defendant Thursby rode on the coattails of the preliminary objections filed by original defendant Colonial, and took no action to file any pleadings until the statute of limitations question had been ruled upon by the

court. This was certainly not the preferred practice, and counsel for original defendant Thursby ran the serious risk that, therefore, the benefit of the *Graham* rule would not be available to her.

Furthermore, counsel for original defendant Thursby apparently did not undertake the proper procedure, which should have been a petition to allow the untimely filing of the complaint against additional defendant Shuler & Adler. However, it can also be said that if the theory of the *Graham* decision applies, then the filing of the complaint against Shuler & Alder was timely, and there need be no hearing as to whether or not original defendant Thursby has established good cause for an untimely filing.

The court is of the opinion that the theory of the *Graham* case should be applied in this case, thereby making timely the filing of original defendant Thursby's complaint against additional defendant Shuler & Adler. Moreover, the court is of the opinion that the pending decision on the preliminary objections of defendant Colonial was sufficient cause to justify an untimely filing of that complaint against the additional defendant.

For the foregoing reasons, the court will enter an order overruling the preliminary objections of additional defendant Shuler & Alder.

## ORDER

And now, this May 12, 1986, for the reasons set forth in the foregoing opinion, it is ordered that:

(1). The preliminary objections of additional defendant Shuler & Alder are overruled.

(2). Additional defendant Shuler & Alder is granted 20 days from and after service of this order to file pleadings responsive to the complaint of original defendant Loretta L. Thursby.